**WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. ROCKLIN, et al.**

**No. 101.**

District Court, N. D. Iowa, W. D.

April 15, 1942.

Warner W. Gardner, Sol., and Irving J. Levy, Associate Sol., both of Washington, D. C., Samuel P. McChesney, Regional Atty., of St. Louis, Mo., and Kenneth P. Montgomery and Thomas O. Moxcey, Attys., both of Kansas City, Mo., for plaintiff.

Louis S. Goldberg, of Sioux City, Iowa, for defendants.

SCOTT, District Judge.

L. Metcalfe Walling, Administrator of the Wage and Hour Division, United States Department of Labor, brings this action against Michael Rocklin, Julius Lehman, William R. Newman, Meyer Harrison, Ada Rocklin, Sarah Lehman, Esther Newman, and Gertrude Harrison, individually and as co-partners, doing business as Rocklin, Lehman & Co., to enjoin the defendants from violating the provisions of §§ 15(a) (1), 15 (a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215 (a) (1, 2, 5). Jurisdiction is conferred upon the Court by § 17 of the Act, 29 U.S.C.A. § 217.

The defendants are eight individuals, sole members of a partnership doing business as Rocklin, Lehman & Co. Defendants are all citizens of Iowa and residents of Sioux City. Plaintiff alleges that defendants have employed, and are now employing eight employees in and about their place of business at 507 Pierce Street, Sioux City, Iowa, in the production of floral and other decorative items. That the raw materials, flowers and other goods used by defendants, and the goods acquired and distributed, were in a substantial part transported and distributed in interstate commerce. Plaintiff then alleges violation of § 6(a) (1) of the Act, 29 U.S.C.A. § 206(a) (1), in paying employees less than the minimum wage, and also alleges violation of § 7(a) (1) of the Act, 29 U.S.C.A. § 207(a) (1), in employing employees in excess of the maximum number of hours provided by the Act.

The defendants answer that they are not subject to the Fair Labor Standards Act and are wholly excluded and exempt therefrom under § 13(a) (6), 29 U.S.C.A. § 213(a) (6), which exempts any employee employed in agriculture, and plead that the place of business described in plaintiff's complaint at 507 Pierce Street, Sioux City, is merely an incident to a larger business, alleging that defendants have an extensive greenhouse and flower gardens at the outskirts of Sioux City partly within and partly without the

corporate limits, at which they produce flowers, plants, flowering shrubs, and other decorative vegetation, which are prepared for market and distributed from the store rooms at 507 Pierce Street.

Upon the issues joined the cause was tried upon admissions and documentary evidence and oral testimony, and submitted.

Upon the issues joined and the evidence introduced, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. That defendants are the sole members of a partnership doing business as Rocklin, Lehman & Co. That defendants for the last eight or nine years have owned an extensive flower, plant, flowering shrub and decorative vegetation producing plant at the southeastern extremity of Sioux City, Iowa, and have at said plant ten acres of greenhouses and five acres of open garden, where such flowers, plants and shrubs are produced from the soil.

2. That defendants sell and dispose of their product at wholesale and retail, a small portion being disposed of from the greenhouse, but the greater portion of which is prepared for market and distributed and sold from 507 Pierce Street, where defendants have leased a ground floor storeroom and basement for the purpose. Defendants employ thirty employees, twenty-two of whom are employed at the greenhouse and gardens, and eight of whom are employed at the store and packing rooms at 507 Pierce Street. Of the eight employed at 507 Pierce Street, two are truckers who transfer from the greenhouse and gardens to the store and packing rooms at 507 Pierce Street, and deliver to the depots for shipment, and to funeral establishments and individual purchasers. Two of the other employees are packers who wrap the products for sale, wholesale and retail. Two others are engaged as designers who arrange the flowers in floral designs suitable for the wants of customers. The remaining two are women, one is in charge of the store and keeps the books. The other is a stenographer and typist who when not so engaged, assists the other woman in keeping books and making retail sales.

3. Practically all of the business transacted at 507 Pierce Street is in packing, preparing for sale and distribution of the products of the greenhouse and gardens of the defendants. About ninety to ninety-five per cent of all sales by defendants are their own production. It is found necessary to purchase to supply emergencies in cases of frosts, storms and other exigencies, about five to ten per cent of their product handled.

4. That defendants are exclusively engaged in agriculture in the production of flowers, plants, flowering shrubs, ornamental grasses, etc., necessary to meet the wants of purchasers of flowers and floral designs and tributes.

### Conclusions of Law

From the foregoing ultimate facts found, I conclude:

1. That defendants are exclusively engaged in agriculture as defined by the Fair Labor Standards Act.

(Definitions: "agriculture n. The art or science of cultivating the ground, and raising and harvesting crops, often including also feeding, breeding, and management of livestock; tillage; husbandry; farming; in a broader sense, the science and art of production of plants and animals useful to man, including to a variable extent the preparation of these products for man's use and their disposal by marketing or otherwise. In this broad use it includes farming, horticulture, forestry, dairying, sugar making, etc." "horticulture n. The cultivation of a garden or orchard; the science and art of growing fruits, vegetables, and flowers or ornamental plants. Horticulture is one of the main divisions of agriculture." Webster's New International Dictionary.)

2. That defendants by reason of their exclusive engagement in agriculture, are exempted from the provisions of the Fair Labor Standards Act relating to minimum wage and maximum hours of employment of employees, and of the necessity of reporting under said Act.

3. That plaintiff has failed to establish his claim against the defendants, and plaintiff's claim should be dismissed at the plaintiff's costs.