BENKEN ET AL., D.B. A. H. J. BENKEN, FLORIST, APPELLANTS, v. PORTERFIELD, TAX COMMR., APPELLEE.

(No. 68-474—Decided May 21, 1969.)

134

*Mr. Carlton S. Dargusch, Jr., Mr. Roger F. Day,* and *Mr. Stanley Aronoff,* for appellants.

*Mr. Paul W. Brown,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

DUNCAN, J. Section 5711.22, Revised Code, as in effect on January 1, 1967, in pertinent part, provides:

"Except as otherwise provided, personal property shall be listed and assessed at seventy per cent of its true value in money * * *.

"" * * *

"(C) Personal property, used in business, shall be listed and assessed at fifty per cent of its true value in money on the day that it is required to be listed or on the days or at the time that it is required to be estimated on the average basis as follows:

"" * * *

"(1) * * * all engines, machinery, tools, implements, and domestic animals used in agriculture * * *

"" * * *

"(4) Agricultural products on farms * * *."

Appellants contend that the machinery and equipment listed for personal property taxation is "used in agriculture," and is taxable at the 50 per cent rate set forth in Section 5711.22 (C), Revised Code.

The Board of Tax Appeals, in its decision in the instant case, applied the definition of "agriculture" set forth in the board's decision in the case *Yoder Bros.* v. *Bowers,* 169 Ohio St. 211, wherein this court affirmed the board's decision. That definition is as follows:

"The term 'agriculture' as it is employed in Revised Code Section 5711.22, is the art or science and labor of cultivating the ground, the planting, care of, and the harvesting of crops, under natural conditions in large quantities and in large fields on farms in this state, that are consumable by man or beast, or are useful or saleable in the open market, and the rearing, use of, feeding and management of livestock. Such crops include grains of all kinds, the products of pastures and meadows, and forage crops for winter consumption, fruits, vegetables, milk and dairy products, wool, meats, poultry, eggs, maple syrup, timber, and such crops as tobacco, flax and kindred products. It contemplates and includes all labor and products that are usually grown outdoors on farms in Ohio. It does not include those products that are produced by artificial means in greenhouses or other inclosed places and structures, hatcheries, nurseries and market gardeners who do not engage in general farming.

"Revised Code Section 5711.22 also classified '*agri-*

*cultural products on farms'* only, as entitled to a 50% classification. It does not go further and include the crops or products of greenhouses which could have been included. We think this limitation is significant of the fact that the Legislature, in classifying 'all engines, machinery, tools, implements, and domestic animals used in agriculture' at a 50 per cent returnable valuation, had in mind only the implements, machines, crops and products of general farming in this state, and not those specialized activities that man has devised in recent years and that may be pursued on city lots and small tracts of suburban land."

In the *Yoder Bros. case, supra,* the judges of this court being unable to agree upon a judgment, one judge not participating, the decision of the Board of Tax Appeals was affirmed under the provisions of Section 2, Article IV, Ohio Constitution. Therefore, the board's definition of "agriculture" presently enjoys tacit approval. In view of the demonstrated difference of opinions concerning this matter, we believe it necessary to review the use of the word "agriculture," in Section 5711.22, Revised Code.

Section 5388, General Code, predecessor of Section 5711.22, Revised Code, was enacted in 1931. (114 Ohio Laws 714, 720.) This court, in *Eastern Machinery Co.* v. *Peck,* 160 Ohio St. 144, 149, noted the recommendation of the Senate committee, which stated the purpose of the amendment was "to equalize the taxes of manufacture and agriculture, so that additional wealth may be developed in this state * * * to assist Ohio business in competition with other states * * *." See, also, *Bailey* v. *Evatt,* 142 Ohio St. 616.

The parties herein do not contest the general purpose of the legislation, but appellee argues that the rate of taxation for machinery and equipment used in agriculture is an exemption from the general rule of taxation, and, therefore, is to be strictly construed against the taxpayer. The case of *Cleveland-Cliffs Iron Co.* v. *Glander,* 145 Ohio St. 423, is cited in support of that contention.

In *B. F. Goodrich Co.* v. *Peck,* 161 Ohio St. 202, the

court distinguished the *Cleveland-Cliffs case*. The third paragraph of the syllabus in the *Goodrich Co. case* reads, in part:

"It is a general rule that, if there is any ambiguity in a statute defining the subjects of taxation, such ambiguity must be resolved in favor of the taxpayer * * *."

Although the law of these cases co-exists rather uncomfortably, we see no utility in relying upon either. The word "agriculture" is neither ambiguous, nor is the General Assembly's use of that word difficult to construe.

The main thrust of the board's definition of "agriculture," as set forth in its decision in the *Yoder Bros. case, supra,* and relied upon in its decision in this case, is that general farming is a requisite in order to come within the legislative intent of the statute. That definition appears to require planting, care and harvesting of crops in large quantities in large fields.

In enacting Section 5711.22, Revised Code, the General Assembly did not suggest that agriculture is synonymous with general farming which, of necessity, must be conducted in large fields, outdoors and without artificial means.

Webster's Third New International Dictionary defines "agriculture" as the "science or art of the production of plants and animals useful to man and in varying degrees the preparation of these products for man's use and their disposal." We believe that this definition embodies the ordinary meaning of agriculture.

Appellants' business, in our opinion, is agriculture.

The limits established by the board's definition in the *Yoder Bros. case, supra,* are unnecessarily restrictive. The small size of a field does not foreclose use of that field for growing crops. Appellants' expert witness, Dr. Roy Kottman, stated in the record that virtually all Ohio producers employ some sort of artificial aid in growing crops and there is no evidence in the record to the contrary. Adding materials to the soil is not a basis for distinction, since artificial aids are widely used in crop production.

The stated legislative intent in the enactment of Sec-

tion 5711.22, Revised Code, in establishing the 50 per cent rate is to aid in the development of wealth and to assist Ohio business in competition with other states. A construction of the statute denying the 50 per cent tax rate to crops grown indoors in small amounts of soil, using artificial additives, would amount to the giving of assistance to Ohio growers of crops by general farming, while denying the same assistance to others who grow the same crop on a smaller scale and under different conditions. Such a construction would be unreasonable.

See, also, *Brewer v. Central Greenhouse Corp.*, 344 S. W. 2d 518 (Tex. Civ. App.); *Damutz v. William Pinchbeck, Inc.* (C. C. A. 2), 158 F. 2d 882; *Gwin v. J. W. Vestal & Son*, 205 Ark. 742, 170 S. W. 2d 598; *Melendez v. Johns*, 51 Ariz. 331, 76 P. 2d 1163; *DeWeaver v. Jackson & Perkins Co.*, 271 App. Div. 119, 63 N. Y. Supp. 2d 593; *Florida Indus. Comm. v. Growers Equipment Co.*, 152 Fla. 595, 12 So. 2d 889; *Walling v. Rocklin*, 44 F. Supp. 355.

Under the provisions of Section 5711.22, Revised Code, the business of planting, cultivating, harvesting and selling flowers and vegetables, indoors in greenhouses, or outdoors in lath houses or planting beds in the ground, with substances being added to the soil to aid and protect the growing process, is agriculture. Machinery and equipment used in such activity shall be listed and assessed at 50 per cent of its value in money.

The decision of the Board of Tax Appeals, that the Tax Commissioner did not err in concluding that appellants' machinery and equipment is taxable at 70 per cent of value, is unreasonable and unlawful, and is, therefore, reversed.

*Decision reversed.*

TAFT, C. J., MATTHIAS and O'NEILL, JJ., concur.

SCHNEIDER and HERBERT, JJ., concur in part and dissent in part. The business of growing flowers is not agriculture within the meaning of Section 5722.11, Revised Code.

ZIMMERMAN, J., dissents.