RED FOX STABLES, INC., APPELLANT, *v.* PORTERFIELD, TAX
COMMR., APPELLEE.

[Cite as Red Fox Stables v. Porterfield (1972),
28 Ohio St. 2d 239.]

(No. 71-369—Decided January 5, 1972.)

*Messrs. Boelter, Fisher & Sullivan* and *Mr. James H. Sullivan, Jr.*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. David S. Bloomfield*, for appellee.

*Per Curiam.* Appellant contends that he is being denied equal protection of the law in that sales taxes are not assessed on the sales of horses at "claiming races" in the state of Ohio. Appellant argues that all sales of "horses" must be treated the same for purposes of the Ohio Retail Sales Tax Act. Such contention assumes that tax assessments, and exemptions, are based solely on the nature of the commodity sold. That contention is without merit.

The very nature of tax assessments and exemptions requires that certain items and persons be classified. Classifications for which exemptions have been created are found in R. C. 5739.02(B), and could include the sale of a "horse" in the following situations: a casual sale (R. C. 5739.-02[B][8]); certain sales by a church or organization not for profit operated exclusively for charitable purposes (R. C. 5739.02[B][9]); sales not within the taxing power of this state under the Constitution of the United States (R. C. 5739.02[B][10]); certain sales to churches (R. C. 5739.02[B][12]); and sales to persons engaged in farming agriculture, horticulture, or floriculture (R. C. 5739.-02[B][17]).

Those exceptions are based primarily upon the status of the vendor or vendee, not on the subject matter of the

sale. If the status of the vendor at a claiming-race sale qualifies such sale for an exemption, then such classification is reasonable and does not deprive the appellant of equal protection of the laws.

Appellant contends further that the Board of Tax Appeals erred in holding that appellant is not engaged in agriculture, and also by failing to state a basis for that holding.

It should be noted that the Board of Tax Appeals, in passing on this issue, cited and quoted from R. C. 5739.01, 5739.02 and 5739.03. When read in *pari materia* those sections are directly in point. As such, they provide adequate reason for the holding of the board. Indeed, this court affirms the board's decision on the same basis.

It is true that appellant's business takes place in a large rural area. It is equally true that it involves the care of domestic animals. However, this is not dispositive of the question of whether appellant is engaged in agriculture. As stated in 3 American Jurisprudence 2d 752, Agriculture, Section 1:

"Whether a particular type of activity is agricultural depends in large measure upon the way in which that activity is organized. The question is not determined by the necessity of the activity to agriculture nor by the physical similarity of the activity to that done by farmers in other situations. The test is whether the activity in the particular case is carried on as part of the agricultural function or is separately organized as an independent productive activity."

We have examined the pertinent statutes and the definition of "agriculture" as set forth by the Board of Tax Appeals in *Yoder Bros.* v. *Bowers* (1959), 169 Ohio St. 211. That definition was expanded by this court in *Benken* v. *Porterfield* (1969), 18 Ohio St. 2d 133. We also note and approve the Tax Commissioner's definition of "agriculture" which states: "Agriculture is defined as the cultivation of the soil for the purpose of producing vegetables and fruits and includes gardening or horticulture, together with

the raising and feeding of cattle or stock for sale as a business.'' Rules of Tax Commissioner, TX-15-10.

Upon completion of such examination, and a review of the facts of this case, we conclude that appellant's business does not fall within the scope of agriculture.

We hold that the decision of the Board of Tax Appeals is reasonable and lawful, and it, therefore, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, VICTOR, CORRIGAN, STERN and LEACH, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for DUNCAN, J. JUDGE VICTOR of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE VICTOR did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.