No. 48,205

ALEX R. MASSON, INC., *Appellant,* v. COUNTY ASSESSOR OF WYAN-
DOTTE COUNTY, KANSAS; COUNTY TREASURER OF WYANDOTTE
COUNTY, KANSAS; BOARD OF COUNTY COMMISSIONERS OF WYAN-
DOTTE COUNTY, KANSAS, sitting as the COUNTY BOARD OF EQUALI-
ZATION OF WYANDOTTE COUNTY, KANSAS; and STATE BOARD OF TAX
APPEALS OF THE STATE OF KANSAS, *Appellees.*

(567 P.2d 839)

Opinion filed July 11, 1977.

*James G. Butler, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, of
Overland Park, argued the cause and was on the brief for the appellant.

*Lloyd G. Alvey,* Associate County Counselor of Wyandotte County, was on the
brief for the appellees.

The opinion of the court was delivered by

KAUL, J.: The issue in this case is whether appellant's property
was properly assessed for taxation as personal property.

The controlling facts are not in dispute and are set forth in a
stipulation of the parties which, as pertinent to the issue herein,
reads:

"1. Plaintiff [appellant] is engaged in the business of growing flowers from
seeds or seedlings in individual pots that are elevated and grown in an enclosed
atmosphere. That the manner of growth is controlled by external operation. After
such plants in question have completely matured and are ready for sale, they are
then distributed to the wholesale and retail buyers for their own resale to their
respective customers.

"2. That the plaintiff is classified agriculturally for federal and state income
tax purposes and is not required to report an inventory for those purposes.

"3. That farmers of a similar nature with crops growing in the field are not taxed for property ad valorem tax purposes with an inventory and are likewise agriculturally classified for internal revenue service purposes."

Appellant appealed from an adverse decision of the Wyandotte County Board of Equalization to the State Board of Tax Appeals (hereafter referred to as the Board). The Board found the subject property to be personal property and that appellant:

". . . [I]s not entitled to have its flowers grown in pots excluded from assessment and taxation as personal property in Wyandotte County, Kansas, under the now existing Kansas law. . . ."

Appellant appealed to the district court which ruled:

". . . [T]hat the order entered by the Board of Tax Appeals should be affirmed, and that the subject property in question be considered as personal property."

Thereafter this appeal was perfected.

While the record is not entirely clear on the point, it appears from the Board's order that Wyandotte County had contended the property should be assessed as merchandise inventory pursuant to the provisions of K.S.A. 1976 Supp. 79-1001, *et seq.* In this connection, the Board, while finding appellant's flowers to be personal property, specifically determined that appellant was not a merchant and that the subject property was not merchandise inventory. In this connection the Board's order reads:

"7. The Board finds that the taxpayer is not a merchant as contemplated and defined in K.S.A. 1972 Supplement 79-1001 as enacted by the Kansas Legislature, Chapter 296 of the 1971 Session Laws and has no inventory of personal property to report thereunder according to the method now provided for in K.S.A. 1972 Supplement 79-1001a, as enacted by the 1971 Legislature, Chapter 296 of the Session Laws of 1971. The first reason for this finding and conclusion by the Board is that this taxpayer has no personal property that has been purchased or consigned for sale with a view at being sold at an advanced price or profit, and therefore it is not a merchant under the statutory definition as set out in K.S.A. 1972 Supplement 79-1001. The second reason for this finding is that even if this taxpayer could be classified as a merchant, it could not comply with the mandatory requirements for listing an inventory as established for reporting for Federal Income Tax purposes. The taxpayer is for all purposes of reporting Federal Income Tax a flower farmer engaged in an agriculture pursuit and as such has no inventory as established for reporting for Federal Income Tax purposes. The Board also notes that under the provisions of K.S.A. 1972 Supplement 79-1001b, before exercising the option to use actual average monthly inventories, if it would result in a lower value for inventory purposes, it is first required that all merchants report an inventory as established for Federal Income Tax purposes. *We therefore have concluded that this taxpayer is not a merchant and that he has no inventory which he can report as a merchant.*

"8. The finished product, flowers growing in a pot, even when ready for sale, is still a growing crop not attached to the soil. Therefore it does not enhance the value of any real estate and is not subject to ad valorem assessment and taxation as real estate in Wyandotte County, Kansas. Only after the mature potted plants are sold by the grower taxpayer to a wholesaler or retailer for subsequent resale, do these potted plants then become inventory items of personal property to be listed and assessed as a merchants inventory." (Emphasis supplied.)

We agree with the Board's ruling that under the facts, appellant is not a merchant and that the subject property is not merchandise inventory under K.S.A. 1976 Supp. 79-1001, *et seq.*

In essence, appellant advances two arguments. It first contends the subject property is a "crop" and that crops of any sort including flowers are improvements to "land" or real property. Appellant contends, "that crops improve the land and enhance the value of the land whether the soil has been placed in individual pots or whether the soil has been left undisturbed." Appellant projects its contention by arguing that since the growing of flowers in pots must be deemed an agricultural pursuit it follows that it is subject only to real property ad valorem tax. Appellees, on the other hand, while conceding that appellant's operation is agriculture, contend that flowers growing in individual pots which are elevated and not attached to the land in any manner are clearly personal property and taxable as such under the statutory and case law of this jurisdiction. We are compelled to agree with appellees.

For purposes of taxation real and personal property are defined in K.S.A. 79-102 as follows:

"That the terms 'real property,' 'real estate,' and 'land,' when used in this act, except as otherwise specifically provided, shall include not only the land itself, but all buildings, fixtures, improvements, mines, minerals, quarries, mineral springs and wells, rights and privileges appertaining thereto.

"The term 'personal property' shall include every tangible thing which is the subject of ownership, not forming part or parcel of real property;  .  .  ."

We think it clear, under the stipulated facts, that appellant's flowers growing in individual pots do not form a part or parcel of appellant's real property, are "tangible things," and subjects of ownership. The flowers are not exempt under any of the provisions of K.S.A. 1976 Supp. 79-201, and hence are to be listed as "tangible personal property" subject to taxation pursuant to K.S.A. 79-301 [and 1976 Supp.], *et seq.*

Appellees concede there are no decisions of this court directly in point. However, they direct our attention to the longstanding rule adhered to by this court that a crop which has become ripe or mature and is no longer drawing sustenance from the soil possesses the character of personalty even though it has not been actually severed from the soil. The applicability of the rule has been considered in various circumstances when the question whether crops, trees or plants are personal property has arisen. (*e.g.*, *Brendle v. Hudson,* 146 Kan. 924, 73 P.2d 1013; *Myers v. Steele,* 98 Kan. 577, 158 Pac. 660; *National Bank v. Beegle,* 52 Kan. 709, 35 Pac. 814; and *A.T.& S.F. Rld. Co. v. Morgan,* 42 Kan. 23, 21 Pac. 809.)

While the cases cited are consistent with and lend support to appellees' position, we think the issue here is resolved by the language of K.S.A. 79-102 standing alone. This court has repeatedly stated that the entire matter of taxation is legislative and does not exist apart from statute. (*Joseph v. McNeive,* 215 Kan. 270, 524 P.2d 765; *Board of County Commissioners v. Brookover,* 198 Kan. 70, 422 P.2d 906; and *Ray v. Board of County Comm'rs.,* 173 Kan. 859, 252 P.2d 899.)

Appellant cites *Yoder Bros. v. Bowers,* 169 Ohio St. 211, 158 N.E.2d 518; and *Benken v. Porterfield,* 18 Ohio St. 2d 133, 247 N.E.2d 749, for the proposition that there is no distinction between plants or flowers grown in pots in a greenhouse and plants or vegetables grown in the soil by a nurseryman or truck farmer. Neither case supports appellant in the case at bar. The two cases dealt with an Ohio Statute (Page's Ohio Revised Code Annotated [Taxation] [now 1976 Supp.], § 5711.22), which at the time provided in substance that machinery and equipment used in agriculture and agricultural products should be assessed at fifty percent of true value while other personal property was required to be assessed at seventy percent of value. The taxpayer in both *Yoder* and *Benken* was engaged in a greenhouse operation and in each case the Ohio Board of Tax Appeals found the business of the taxpayer not to be agriculture and held the property in question to be subject to the seventy percent statutory assessment provision. In *Yoder,* on direct appeal to the Ohio Supreme Court, the ruling of the Board was affirmed by an equally divided court. In *Benken* the taxpayer's business was described as "planting, cultivating, harvesting and selling flowers and vegetables" in

air-conditioned greenhouses and outdoors in lath houses and several planting beds. In a four to three decision the Ohio court reversed the Board's ruling and held the taxpayer's business to be agricultural and that his machinery and equipment as well as crops and products of the greenhouse were entitled to the fifty percent assessment. The *Berken* case was not directly concerned with the issue whether flowers and vegetables were personal property, but the opinion indicates they were so assessed under the fifty percent statutory provision.

Appellant further contends that the assessment herein violates Article 11, Sec. 1 of the Kansas Constitution which mandates the legislature to prove a uniform and equal rate of assessment and taxation. Appellant's argument on this point is that his flowers should not be assessed as personal property when nurserymen and truck farmers are not so assessed in Wyandotte County. There is nothing in the record to support appellant's contention that its operation is exactly the same as a truck farmer or nurseryman who plants his crops in the field. Appellant offers no evidence that any other greenhouse business, which operated as appellant does, is assessed in a manner different from that ordered by the Board herein. This court has consistently adhered to the principle that the assessment and valuation of property are administrative functions, not judicial ones, and that courts will not substitute their judgment for that of the assessing authority in the absence of fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud. *(Northern Natural Gas Co. v. Williams,* 208 Kan. 407, 493 P.2d 568, cert. den. 406 U.S. 967, 32 L.Ed.2d 665, 92 S.Ct. 2408; *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, 436 P.2d 982; and *Symns v. Graves,* 65 Kan. 628, 70 Pac. 591.)

We have carefully examined all of the arguments advanced by appellant and conclude that it has failed to establish any ground for judicial interference in the assessment as ordered by the Board of Tax Appeals in the instant case.

The judgment is affirmed.