(909 P.2d 673)
No. 73,330

In the Matter of the Appeal of ALEX R. MASSON, INC., from an Assessment of Retailers' Sales Tax.

—

Opinion filed December 22, 1995.

*Gregory D. Kincaid*, of Olathe, for appellant.

*Richard Oxandale*, general counsel, and *Ronald H. Grant*, of Kansas Department of Revenue, for appellee.

Before RULON, P.J., MARQUARDT, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

RULON, J.: Alex R. Masson, Inc., petitioner, appeals a decision of the Board of Tax Appeals (BOTA) affirming the Kansas Department of Revenue's ruling that petitioner is not entitled to a sales tax exemption pursuant to K.S.A. 79-3606.

We must decide if the growing, cultivation, and selling of ornamental plants by a commercial greenhouse is an agricultural pursuit under K.S.A. 79-3606. We reverse and remand.

The facts in this case are not in dispute and are as follows:

Petitioner is a greenhouse operation which grows tropical foliage and flowering plants for decorative purposes. Petitioner's produce is sold through grocery stores and other mass marketers.

In 1992, the Kansas Department of Revenue (KDR) issued a retailers' sales tax and consumers' compensating use tax assessment against petitioner in the amounts of $28,511 and $14,135, respectively, plus interest and penalties. Petitioner appealed to the Director of Taxation, and an administrative law judge (ALJ) upheld KDR's assessments. Ultimately, BOTA upheld the ALJ's order.

## STANDARD OF REVIEW

"BOTA orders are subject to judicial review under the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq*. See K.S.A. 74-2426(c); *In re Tax Appeal of A.M. Castle & Co.*, 245 Kan. 739, 741, 783 P.2d 1286 (1989). . . .

"Interpretation of a statute is a question of law. *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992)." *In re Tax Appeal of Harbour Brothers Constr. Co.*, 256 Kan. 216, 221, 883 P.2d 1194 (1994).

"BOTA exists to decide matters of this nature, and therefore its decision should be given great credence when it is acting within its area of expertise. *In re Tax Appeal of Director of Property Valuation*, 14 Kan. App. 2d 348, 353, 791 P.2d 1338 (1989), *rev. denied* 246 Kan. 767 (1990). 'If, however, the reviewing court finds that the administrative body's interpretation is erroneous as a matter of law, the court should take corrective steps; the determination of an administrative body on questions of law is not conclusive, and, while persuasive, is not binding on the courts.' *Kansas Bd. of Regents v. Pittsburg State Univ. Chap. of K-NEA*, 233 Kan. 801, 810, 667 P.2d 306 (1983)." *Board of Johnson County Comm'rs v. Smith*, 18 Kan. App. 2d 662, 664-65, 857 P.2d 1386 (1993).

"In Kansas, taxation is the rule and exemption is the exception. *Assembly of God v. Sangster*, 178 Kan. 678, 680, 290 P.2d 1057 (1955). The burden of establishing an exemption from taxation is on the party claiming the exemption. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 454, 691 P.2d 1303 (1984). One who claims a tax exemption must bring himself clearly within the exemption provisions of the statute. *Warren v. Fink*, 146 Kan. 716, Syl. ¶ 1, 72 P.2d 968 (1937). Statutory exemption provisions are strictly construed against the party requesting exemption. *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 635, 694 P.2d 462 (1985). All doubts concerning exemption are to be resolved against the exemption and in favor of taxation. *Trustees of The United Methodist Church v. Cogswell*, 205 Kan. 847, 851, 473 P.2d 1 (1970)." *In re Tax Appeal of Derby Refining Co.*, 17 Kan. App. 2d 377, 380-81, 838 P.2d 354 (1992), *rev. denied* 252 Kan. 1092 (1993).

The issue presented to us involves the interpretation of Kansas statutes and regulations and is a question of law. Final determinations of questions of law rest with the court. See *Hixon v. Lario Enterprises, Inc.*, 257 Kan. 377, 382, 892 P.2d 507 (1995).

## AGRICULTURAL USE

The questions in this case are what constitutes an agricultural use and whether petitioner's purchases of natural gas, electricity, and farm machinery are exempt from the Kansas sales and compensating use taxes.

The relevant statute in this case is K.S.A. 79-3603, which read in relevant part:

"For the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or furnishing any of the services taxable under this act, there is hereby levied and there shall be collected and paid a tax at the rate of 4.25% upon:

"(a) The gross receipts received from the sale of tangible personal property at retail within this state;

. . . .

"(c) The gross receipts from the sale or furnishing of gas, water, electricity and heat, which sale is not otherwise exempt from taxation under the provisions of this act, and whether furnished by municipally or privately owned utilities."

### K.S.A. 79-3703 read in relevant part:

"There is hereby levied and there shall be collected from every person in this state a tax or excise for the privilege of using, storing, or consuming within this state any article of tangible personal property. . . All property purchased or leased within or without this state and subsequently used, stored or consumed in this

state shall be subject to the compensating tax if the same property or transaction would have been subject to Kansas retailers' sales tax had the transaction been wholly within this state."

## K.S.A. 79-3606 read in relevant part:

"The following shall be exempt from the tax imposed by this act:

. . . .

"(u) all sales of farm machinery and equipment, repair and replacement parts therefor and services performed in the repair and maintenance of such machinery and equipment. For the purposes of this subsection the term 'farm machinery and equipment' shall not include any passenger vehicle, truck, truck tractor, semitrailer or pole trailer, other than a farm trailer, as such terms are defined by K.S.A. 8-126 and amendments thereto. . . . Farming or ranching shall include the operation of a feedlot and farm and ranch work for hire;

. . . .

"(x) all sales of natural gas, electricity, heat and water delivered through mains, lines or pipes to residential premises for noncommercial use by the occupant of such premises and all sales of natural gas, electricity, heat and water delivered through mains, lines or pipes for agricultural use."

## K.A.R. 92-19-39 reads:

"(a) Sales of natural gas, electricity, heat and water delivered through mains, lines or pipes for agricultural use are exempt from sales tax. Where utility services are not metered individually between agricultural and commercial uses, the burden of establishing the percentage of exempt usage is on the consumer, and the formula and computations used in establishing the percentage of exempt use shall be available for inspection at any time by the department of revenue. The consumer claiming an exemption hereunder shall file an exemption certificate with each retailer providing sales of exempted commodities when a portion of the usage is for non-exempt purposes and said non-exempt use is not individually metered. Sales of otherwise taxable materials or services are not exempted by virtue of being sold in connection with commodities exempt from sales tax hereunder.

"(b) As used in this regulation, 'agricultural use' means any use related to the occupation of farming or ranching. 'Farming or ranching' means an enterprise using land and improvements thereto for agricultural and horticultural production ultimately intended for consumption either as a food product, textile, or in the production thereof. Farming or ranching includes, but is not limited to, such enterprises producing: forages; poultry and poultry products; grains and feed crops; maple syrup; dairy products; livestock, including beef and dairy cattle, sheep, swine, goats or rabbits, including the breeding, grazing and feeding of any or all such animals; bees and apiary products; fur animals; fish; fruits of all kinds, including grapes, nuts and berries; and vegetables. Farming or ranching does not include commercial operations such as processing food or dairy products, off-farm

grain storage and marketing, the processing of lumber, or the operation of a stockyard or slaughter house. Nor does farming or ranching include such commercial operations as a floral shop, turf farm or nursery, to the extent such floral shop, turf farm or nursery primarily cultivates products intended to be of an ornamental or decorative nature.

"(c) As used in this regulation, 'commercial use' means any use related to activities following the production process and during or subsequent to processing or marketing operations."

K.A.R. 92-19-13 reads in relevant part:

"Sales of gas, electricity, [and] heat service, including coal and fuel oil for heating or lighting of greenhouses are taxable. Sales of water used in irrigating seeds, plants and agricultural products for resale are exempt from taxation."

Petitioner argues the above regulations are overly restrictive and KDR has substituted its judgment of what constitutes agricultural purposes for that of the legislature. KDR argues that its regulations have the force and effect of law and, therefore, absent a finding the regulation is unconstitutional, this court should uphold its interpretation.

In Kansas,

"[t]he legal principle is well established that administrative agencies are creatures of statute and their power is dependent upon authorizing statutes; therefore, any exercise of authority claimed by the agency must come from within the statutes either expressly or by clear implication. There is no general or common-law power that can be exercised by an administrative agency. *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 378, 673 P.2d 1126 (1983); *Woods v. Midwest Conveyor Co.*, 231 Kan. at 770 [, 648 P.2d 234 (1982)]; 1 Am. Jur. 2d, Administrative Law § 70, p. 866." *State ex rel. Secretary of S.R.S. v. Fomby*, 11 Kan. App. 2d 138, 141, 715 P.2d 1045 (1986).

K.S.A. 79-3618 provides the Secretary of Revenue the authority to adopt such rules and regulations as may be necessary to enforce the Kansas Retailers' Sales Tax Act. Similarly, K.S.A. 79-3707 gives the Secretary the power to adopt rules and regulations for the administration of the Kansas Compensating Use Tax Act. However, the power to adopt and promulgate rules and regulations is an administrative and not a legislative power. To be valid, a regulation must come within the authority conferred by statute, and a regulation which goes beyond that which the legislature has authorized or which extends the source of its legislative power is void. *Kansas*

*Human Rights Comm'n v. Topeka Golf Ass'n*, 18 Kan. App. 2d 581, Syl. ¶ 2, 856 P.2d 515 (1993), *aff'd* 254 Kan. 767, 869 P.2d 631 (1994).

Kansas law is well settled that one who seeks exemption from a tax bears the burden of showing it comes within the specific provisions of the statute providing for the exemption. See *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 454, 691 P.2d 1303 (1984). KDR argues that because petitioner's business does not qualify as an agricultural use as defined by *regulation*, petitioner is not entitled to the claimed exemption. This argument is circular. The question is whether the regulation is a further restriction than that provided by statute.

Clearly, "[t]axation is the power by which the State raises money to defray the necessary expenses of government for a public purpose." 236 Kan. 450. The legislature has the power to express what property shall be taxed and what property will be exempt. 236 Kan. at 454.

Unquestionably,

"[t]ax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. The rule of strict construction means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter or ordinary English language is in it." 236 Kan. at 455.

The narrow question presented is whether a wholesale greenhouse operation can be defined as an agricultural use or farming. Neither the current Retailers' Sales Tax Act nor the current Compensating Use Tax Act define the terms "farming" or "agricultural use." Other tax statutes do give definitions that may be helpful in ascertaining the legislative intent.

K.S.A. 79-1476 defined "land devoted to agricultural use" as

"land, regardless of whether it is located in the unincorporated area of the county or within the corporate limits of a city, which is devoted to the production of plants, animals or horticultural products, including but not limited to: Forages; grains and feed crops; dairy animals and dairy products; poultry and poultry products; beef cattle, sheep, swine and horses; bees and apiary products; trees and forest products; fruits, nuts and berries; vegetables; *nursery, floral, ornamental*

*and greenhouse products.* Land devoted to agricultural use shall not include those lands which are used for recreational purposes, suburban residential acreages, rural home sites or farm home sites and yard plots whose primary function is for residential or recreational purposes even though such properties may produce or maintain some of those plants or animals listed in the foregoing definition." (Emphasis added.)

According to Black's Law Dictionary 68 (6th ed. 1990), agriculture is defined as "[t]he science or art of cultivating the soil, harvesting crops, and raising livestock and also as the science or art of the production of plants and animals useful to man and in varying degrees the preparation of such products for man's use and their disposal." Consequently, common sense leads us to the conclusion the products grown by petitioner fall within the definition of an agricultural use as defined by K.S.A. 79-1476.

In this jurisdiction,

" '[i]n order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof *in pari materia.* When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law.' " *Todd v. Kelly,* 251 Kan. 512, 516, 837 P.2d 381 (1992) (quoting *Kansas Commission on Civil Rights v. Howard,* 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 [1975]).

Additionally, "[w]hen separate statutes relate to the same subject matter and class of things, they should be considered *in pari materia." Bradley v. Board of Butler County Comm'rs,* 20 Kan. App. 2d 602, Syl. ¶ 4, 890 P.2d 1228 (1995). While K.S.A. 79-1476 deals with the classification of property for ad valorem tax purposes, and K.S.A. 79-3606 deals with exemptions from sales and compensating use taxes, both are tax statutes and, therefore, should be considered *in pari materia.*

Based upon the above definitions, we conclude KDR has promulgated a regulation that is significantly more restrictive in the definition of agricultural use or farming than is contemplated by statute and common definition. As such, the regulation is invalid to the extent it defines agricultural use and farming in a more restrictive sense than the statutes.

Briefly, we look to another jurisdiction to support our decision here. Petitioner cites two cases from other states to support its position. Only one is relevant to the facts presented.

In *Benken v. Porterfield*, 18 Ohio St. 2d 133, 247 N.E.2d 749 (1969), the Supreme Court of Ohio was asked to define the phrase "used in agriculture" as such applied to the taxation of personal property under the Ohio code. The taxpayer was a florist engaged in the business of planting, cultivating, harvesting, and selling flowers and vegetables. The Ohio Board of Tax Appeals said the term agriculture or farming only included items grown outside in large fields and did not include plants grown in greenhouses. 18 Ohio St. 2d at 134-35.

The *Benken* court concluded the word "agriculture" was neither ambiguous nor difficult to construe and adopted a dictionary definition that agriculture was the science or art of producing plants and animals useful to humans and in varying degrees included the preparation of such products for human use and disposal. 18 Ohio St. 2d at 137.

This case is clearly analogous to *Benken* in that KDR has attempted to limit the applicability of K.S.A. 79-3606 to only those crops grown for use as a food product or used in textile production. Using the common meaning of "agricultural use" and the definition provided by K.S.A. 79-1476, the terms "agricultural use" and "farming" would include operations such as petitioner's. Consequently, KDR has acted beyond the jurisdiction conferred by law, K.S.A. 77-621(c)(2), and its action was unreasonable, arbitrary, and capricious, K.S.A. 77-621(c)(8).

Reversed and remanded.