**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 625.]**

ROWE-REILLY CORPORATION, D.B.A. ROUGH BROTHERS, APPELLANT, *v.*

TRACY, TAX COMMR., APPELLEE.

**[Cite as *Rowe-Reilly Corp. v. Tracy*, 1999-Ohio-326.]**

*Taxation—Personal property tax on inventory of corporation engaged in the business of selling various items to be used in the installation, operation, and maintenance of greenhouses—Board of Tax Appeals' decision affirming assessments by Tax Commissioner that taxed as personal property certain items of inventory is contrary to law and not supported by the record, when.*

(No. 98-1013—Submitted March 30, 1999—Decided June 16, 1999.)

APPEAL from the Board of Tax Appeals, Nos. 96-K-460, 96-K-461 and 96-K-462.

_____

{¶ 1} Appellant, Rough Brothers,[1] is a corporation with its principal place of business in Cincinnati, Ohio. Appellant is engaged in the business of selling various items to be used in the installation, operation, and maintenance of greenhouses. Many of appellant's customers are engaged in the growing of plants and flowers in greenhouses. Appellant's customers have also included retail establishments such as Home Depot, as well as a pharmaceutical company and a shopping mall.

{¶ 2} Appellant's business consists of purchasing inventory items from third-party suppliers. The inventory that appellant obtains includes items that form the greenhouse structure, equipment that controls the growing environment of the greenhouse, and benches used to set and irrigate plants and flowers. Appellant

_____

1. During part of the assessment period in the instant matter, appellant's corporate name was Rowe-Reilly Corporation and it conducted business under the name of "Rough Brothers." However, in 1991, appellant changed its corporate name to Rough Brothers, Inc.

maintains an inventory of certain of these items in its warehouse, and the inventory items are listed for sale in appellant's "Greenhouse Supply Catalogue." In essence, appellant uses its inventory to design greenhouse structures to meet the needs and specifications of its customers.

{¶ 3} Typically, appellant will receive an order from a customer through one of appellant's sales personnel. After receiving certain information from a salesperson, appellant engineers and designs the ordered enclosure to meet the customer's specifications. Appellant then determines what equipment is needed for the greenhouse design, calculates the costs for the order, pulls the needed items from its inventory, and delivers the order to the customer's job site. On occasion, appellant orders items from a supplier and has those items shipped directly to a job site. In order to meet a customer's particular specifications, it may be necessary for appellant to modify certain inventory items. Upon request, appellant will aid its customers, as well as facilitate its own inventory sales, by providing construction services.

{¶ 4} For tax years 1988 through 1993, appellant reported, for tax purposes, its entire inventory as "agricultural merchandise." Pursuant to former and current R.C. 5701.08, appellant claimed an exemption from the personal property tax by identifying itself as a merchant and listing all of the items in its inventory as machinery and equipment designed and built for agricultural use. The Tax Commissioner, appellee, however, found that appellant's inventory did not qualify as agricultural merchandise and therefore was not exempt from taxation as personal property. The Tax Commissioner, therefore, entered assessments against appellant.

{¶ 5} On appeal, the Board of Tax Appeals ("BTA") affirmed the Tax Commissioner's order. The BTA determined that appellant was a merchant but found that the contested items in appellant's inventory were not machinery and equipment. Further, the BTA found that there was no evidence in the record to indicate that the inventory items in question were necessarily designed and built for

agricultural use. The BTA also held that appellant did not qualify for the personal property exemption because appellant failed to comply with Ohio Adm.Code 5703-3-30, in that it failed to segregate items in its inventory that qualified for the exemption from those items that did not.

{¶ 6} Chairman Kiehner Johnson of the BTA dissented. Johnson agreed with the majority opinion that appellant is a merchant, but disagreed with the majority in that the chairman determined that appellant's inventory did qualify as machinery and equipment designed and built for agricultural use. Johnson also concluded that appellant properly listed its inventory pursuant to Ohio Adm.Code 5703-3-30 as exempt agricultural property.

{¶ 7} Appellant has appealed the decision and order of the BTA to this court. The cause is now before us upon an appeal as a matter of right.

_____

*Kegler, Brown, Hill & Ritter, Paul D. Ritter, Jr., Melvin D. Weinstein* and *Lynda G. Loomis,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Duane M. White,* Assistant Attorney General, for appellee.

_____

**DOUGLAS, J.**

{¶ 8} This is an appeal from a decision of the BTA wherein the BTA affirmed assessments by the Tax Commissioner that taxed as personal property certain items of inventory owned by the appellant. The assessments levied against the appellant were for tax years 1988 through 1993.[2]

_____

2. The Tax Commissioner made three final determinations affirming preliminary assessments for tax years 1988 and 1989, 1990 and 1991, and 1992 and 1993, respectfully. Appellant filed three separate appeals with the BTA, case Nos. 96-K-460, 96-K-461, and 96-K-462. The BTA consolidated the appeals for hearing, post-hearing briefing, and final determination.

**{¶ 9}** During the tax years in question in this matter, R.C. 5709.01(B) provided in pertinent part that unless otherwise expressly exempted from taxation:

"(1) All personal property located and used in business in this state * * * [is] subject to taxation * * *."

**{¶ 10}** For tax years 1988 to mid-1991, R.C. 5701.08 provided in pertinent part:

"(A) Personal property is 'used' within the meaning of 'used in business' when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, * * * or when stored or kept on hand as material, parts, products, or merchandise. * * * Leased property used by the lessee exclusively for agricultural purposes and new or used machinery and equipment and accessories therefor that are designed and built for agricultural use and owned by a merchant as defined in section 5711.15 of the Revised Code are not considered to be 'used' within the meaning of 'used in business.' " (140 Ohio Laws, Part II, 3173.)

**{¶ 11}** R.C. 5701.08, as amended by Am.Sub.H.B. No. 298, effective July 26, 1991, provides in pertinent part:

"(A) Personal property is 'used' within the meaning of 'used in business' * * *.

" * * *

"(C) Leased property used by the lessee exclusively for agricultural purposes and new or used machinery and equipment and accessories therefor that are designed and built for agricultural use and owned by a merchant as defined in section 5711.15 of the Revised Code are not considered to be 'used' within the meaning of 'used in business.' " (144 Ohio Laws, Part III, 4408-4409.)

**{¶ 12}** The Tax Commissioner promulgated a rule found in Ohio Adm.Code 5703-3-30 that sets forth the criteria needed to qualify for the personal

4

property tax exemption under the provisions of R.C. 5701.08. Ohio Adm.Code 5703-3-30 provides:

"Pursuant to division (A)[C] of section 5701.08 of the Revised Code * * * new or used machinery and equipment and accessories therefor which are designed and built for agricultural use and owned by a merchant, as defined in section 5711.15 of the Revised Code, are not considered 'used in business' and, therefore, not subject to personal property tax under the provisions of division (B)(1) of section 5709.01 of the Revised Code.

"To qualify for this exception such property must meet all of the following conditions:

"(A) It must be owned by a merchant. Property consigned to a merchant does not qualify. Also, a manufacturer is not a merchant with regard to property he manufacturers.

"(B) It must be machinery and equipment, or accessories therefor. Tools and implements do not qualify. Qualifying accessories are those that are usable only when attached to or coupled with qualifying machinery and equipment.

"(C) It must be designed and built for agricultural use. Typical qualifying items include balers, combines, cultivators, driers, feed grinders, harrows, rotary hoes, mills, pickers, planters, plows, shellers, and silo fillers. Also qualifying are farm-type loaders, spreaders, tillers, tractors, and wagons. However, neither home lawn and garden-type items, nor general-use items such as bulldozers, graders, trenchers, and trucks, shall be considered as designed and built for agricultural use."

{¶ 13} We note preliminarily that we agree with the BTA's determination that appellant is a "merchant" as that term is defined by R.C. 5711.15. However, we do not agree with the remainder of the majority decision of the BTA in this cause. For the following reasons, we reverse the decision of the BTA and remand this cause for further proceedings consistent with this opinion.

I

**{¶ 14}** Appellant argues that its inventory, items that are sold to its customers to construct, operate, and maintain greenhouses that are used in the growing of plants and flowers, is machinery and equipment designed and built for agricultural use and, thus, is exempt from personal property taxation pursuant to R.C. 5701.08. Appellant contends that the BTA erred when it concluded that the inventory items were not machinery and equipment. Appellant further contends that the BTA improperly held that there was no evidence in the record that appellant's inventory was designed or built for agricultural use.

**{¶ 15}** The BTA held that "[b]ased upon the evidence and testimony presented, we find that the items under consideration do not meet the second and third criteria [of Ohio Adm.Code 5703-3-30]. Specifically, the contested items herein are not machinery or equipment, but are inventory; they are parts, which in combination, can be used to construct a structure, which, if a customer so chooses, will be utilized in the growing of plants. [Footnote omitted.] Further, there is no evidence in the record to indicate that any of the inventory items in question are necessarily *designed* or *built* for agricultural pursuits. The inventory parts, as listed, are used by appellant's customers for the construction of greenhouses and sometimes, other structures not related to agriculture. However, there is no evidence in the record to indicate that this inventory was specifically built and designed for use in agriculture, and arguably, the items could be used for other pursuits, unrelated to agriculture * * *." (Emphasis *sic*.)

**{¶ 16}** This court has previously determined that it will not reverse a decision of the BTA that is reasonable and lawful based upon the record and evidence submitted. See *SFZ Transp., Inc. v. Limbach* (1993), 66 Ohio St.3d 602, 613 N.E.2d 1037. "A review as to the reasonableness and lawfulness of the agency decision necessarily includes an examination of the record 'to examine the evidence and determine as to the ultimate facts established by it, and whether such ultimate facts furnished sufficient legal predicate upon which to base the order complained

of.' * * * 'The fact that a question of law involves a consideration of the facts or the evidence, does not turn it into a question of fact or raise a factual issue; nor does that consideration involve the court in weighing the evidence or passing upon its credibility.' " (Citations omitted.) *Id.* at 605, 613 N.E.2d at 1040. In *SFZ Transportation,* the court concluded that the BTA's rejection of "uncontradicted data * * * is not the sort of weighing of evidence or determination of credibility to which we must defer." *Id.*

{¶ 17} The BTA concluded that there was no evidence in the record before the board that appellant's inventory was necessarily designed and built for agricultural use. The BTA also determined that items in appellant's inventory could be used in pursuits unrelated to agriculture. We disagree.

{¶ 18} In *Benken v. Porterfield* (1969), 18 Ohio St.2d 133, 47 O.O.2d 287, 247 N.E.2d 749, syllabus, the court held that the growing and selling of plants in greenhouses is agriculture. In the case now before us, appellant's president, Albert Reilly, was the sole witness before the BTA. Reilly repeatedly testified that appellant's inventory included items that are used in the construction and repair of greenhouses as well as equipment intended to control the growing environment inside the greenhouse. Reilly further testified that appellant's inventory was purchased from third-party suppliers and was held for sale to customers engaged in the business of "[g]rowing, maintaining or selling horticultural products." Reilly indicated that, during the tax years in question, appellant's inventory sales did not reflect any sales to customers other than those engaged in the growing of plants and flowers. Moreover, appellant's sales catalogues clearly indicate that the inventory items in question were intended to be used in the construction, operation, and repair of greenhouses.

{¶ 19} A majority of the BTA apparently rejected or ignored what we believe to be uncontroverted evidence regarding the intended and subsequent use of appellant's inventory items. As we admonished in *SFZ Transportation,* the court

will not defer to such determinations by the BTA. *SFZ Transp., Inc. v. Limbach,* 66 Ohio St.3d at 605, 613 N.E.2d at 1040.

{¶ 20} Reilly did testify that appellant's inventory items could be used for other purposes, *e.g.,* a swimming pool cover. However, for the tax years at issue, we have found no direct evidence in the record that would lead us to conclude appellant's inventory items were used for purposes other than in the construction, operation, and maintenance of greenhouses. We therefore find that the evidence submitted to the BTA overwhelmingly established that appellant's inventory during the time in question was designed and built for agricultural use and ultimately used for such purposes, and that the BTA erred in holding otherwise.

{¶ 21} The BTA also determined that the contested items in appellant's inventory are not machinery or equipment pursuant to the provisions of R.C. 5701.08 and Ohio Adm.Code 5703-3-30. However, in *Benken v. Porterfield,* 18 Ohio St.2d at 138, 47 O.O.2d at 289, 247 N.E.2d at 753, the court found some property, similar to certain items at issue in this case, to be equipment and machinery used in agriculture. Among those items included were lath houses, plumbing and heating equipment, planting benches, and fans. See *Benken v. Porterfield* (July 9, 1968), BTA No. 66931, unreported. In fact, the BTA indicated that some of appellant's inventory, specifically heating, ventilation, and shading equipment, may qualify as "equipment" if the evidence established that it was designed and built for agriculture. We have already deemed that there is sufficient evidence in the record to conclude that appellant's inventory for the years in question was designed and built for agricultural use. Thus, the only question that remains is to determine specifically those items included in appellant's inventory that qualify as "machinery and equipment," in order for those items to be statutorily exempt from personal property tax pursuant to R.C. 5701.08. We therefore remand this question to the BTA for consideration and determination whether any of the

items in appellant's inventory qualify as "machinery and equipment, or [and] accessories therefor," pursuant to R.C. 5701.08 and Ohio Adm.Code 5703-3-30.

II

{¶ 22} In a secondary holding, the BTA determined that appellant could not qualify for the agricultural-use-personal-property exemption, since it failed to properly list its property in accordance with Ohio Adm.Code 5703-3-30. Ohio Adm.Code 5703-3-30 provides:

"A merchant shall be required to disclose in his personal property tax return all property held for sale, segregating property qualifying for this exception from non-qualifying property, and list the monthly-ending values of all non-qualifying property in 'Schedule 3A.' "

{¶ 23} Appellee argues, and the BTA agreed, that appellant may not claim an exemption for property that it fails to properly list on its personal property tax return. In contrast, appellant contends that it fully complied with Ohio Adm.Code 5703-3-30 because it listed its entire inventory on its balance sheets as qualifying for the R.C. 5701.08 exemption. In other words, appellant argues that since none of the items in its inventory was "non-qualifying," it was not required to list any non-qualifying property in Schedule 3A.

{¶ 24} We find that appellant properly complied with the listing requirements of Ohio Adm.Code 5703-3-30. Ohio Adm.Code 5703-3-30 requires a merchant to segregate property qualifying for the agricultural-use-personal-property exemption from non-qualifying property and list the month-ending values of the non-qualifying property in Schedule 3A. Since appellant claimed that its entire inventory qualified for the exemption, it obviously follows that there was no property remaining to list as non-qualifying. It would be nonsensical to hold that appellant failed to comply with the listing requirements of Ohio Adm.Code 5703-3-30 *before* the taxability of said property has been determined by the Tax Commissioner. Any conclusion to the contrary is unreasonable and unlawful. See

*First Banc Group of Ohio v. Lindley* (1981), 68 Ohio St.2d 81, 22 O.O.3d 297, 428 N.E.2d 427.

## III

**{¶ 25}** Accordingly, we find that the BTA's conclusions in this matter are contrary to law and not supported by the record before this court. We therefore reverse the decision of the BTA and remand this matter to it for final determination consistent with this opinion.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____