(5 P.3d 539)

No. 83,162

In the Matter of the Application of DONALD H. and P. SCHERREN FAIRFIELD for Exemption from Ad Valorem Taxation in Wyandotte County, Kansas.

Opinion filed May 5, 2000.

*Cassandra L. Terhune*, of Cassandra L. Terhune, P.C., of Kansas City, Missouri, for appellants.

*Marc Conklin*, county counselor, of Unified Government of Wyandotte County/Kansas City, Kansas, for appellee.

Before PIERRON, P.J., GERNON, J., and RICHARD M. SMITH, District Judge, assigned.

GERNON, J.: Donald H. Fairfield and P. Scherren Fairfield appeal a decision by the Board of Tax Appeals (BOTA) which denied their request for exemption of a backhoe from ad valorem taxation.

K.S.A. 79-201c provides:

"The following described property, to the extent herein specified, shall be and is hereby exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:

"*First.* The wearing apparel of every person.

"*Second.* All household goods and personal effects not used for the production of income. The terms household goods and personal effects when used in this act, except as otherwise specifically provided, shall include all items of furniture, cooking utensils, refrigerators, deep freezers, washing and drying machines, dishwashers, stoves, ranges, ironers, vacuum cleaners, sewing machines, radios, record players, television sets, shop and hobby equipment used in or about the home, fishing equipment (not including boats), bicycles, yard and garden equipment, firearms, golf clubs, photographic equipment, jewelry, luggage, musical instruments, and air conditioners if not a part of the central heating and air conditioning system."

A backhoe is not specifically itemized within the list in K.S.A. 79-201c. The Fairfields argue that their backhoe falls under K.S.A. 79-201c as shop or hobby equipment or as yard and garden equipment. To provide a factual basis for this argument, Donald Fairfield testified that he only used the backhoe to terrace his yard, move the driveway, construct a retaining wall, flatten the front yard, and construct a water garden on his 4 acres of residential property. The Fairfields argue that this court should apply a use test to determine whether the backhoe should be exempted from personal property taxation.

Wyandotte County (County) argues that a backhoe is traditionally considered to be construction equipment and not a household good. The County argues that this court should look at the traditional category for the equipment rather than a use test to determine whether it should be exempted under K.S.A. 79-201c. The County argued to BOTA that county appraisers should not have to investigate a taxpayer's specific use of heavy equipment before determining whether to assess personal property taxes.

An appellate court's scope of review for agency actions is limited to the statutory considerations in K.S.A. 77-621(c). Pursuant to K.S.A. 77-621(c), an appellate court may grant relief if the agency erroneously interpreted or applied the law. The party asserting that the agency action is invalid bears the burden of proving the invalidity. *League of Kansas Municipalities v. Board of Shawnee County Comm'rs*, 24 Kan. App. 2d 294, 297, 944 P.2d 172 (1997).

Appellate courts should give deference to an administrative agency's interpretation of a statute, especially if the agency is one of special competence like BOTA. The agency's determination,

however, is not conclusive. Interpreting a statute is a question of law over which this court has unlimited review. 24 Kan. App. 2d at 297.

When considering the issue of taxation or exemption, the Kansas Constitution and statutes provide that taxation is the rule, and exemption from taxation is the exception. 24 Kan. App. 2d at 297-98. Constitutional and statutory provisions for exemptions must be strictly construed against the one claiming the exemption, with all doubts being resolved against the exemption. Nevertheless, strict construction does not mean unreasonable construction. 24 Kan. App. 2d at 298. The party who seeks exemption bears the burden of showing that it comes within the specific provisions of the statute providing for the exemption. *In re Tax Appeal of Alex R. Masson, Inc.*, 21 Kan. App. 2d 863, 868, 909 P.2d 673 (1995).

When interpreting a statute, a court must give effect to the intention of the legislature as expressed in the plain and unambiguous language used by the legislature. *League of Kansas Municipalities*, 24 Kan. App. 2d at 298. Ordinary words are to be given their ordinary meanings. Statutes should not be read to add what is not found in the language or to delete what is, as a matter of ordinary English, contained in the language. *In re Tax Appeal of Alex R. Masson, Inc.*, 21 Kan. App. 2d at 868.

The decision to consider the traditional category for property is supported by considering the implications of applying a use test. Because a backhoe is typically used for construction, its main use is for income generation. If a taxpayer were able to exempt a backhoe from taxation as yard or garden equipment, the County would have to establish that the backhoe was not used as income-producing property. Verifying that a taxpayer only uses a backhoe for yard work would be an onerous task for county officials. Clearly, the legislature did not intend for county officials to investigate a taxpayer's use of his or her household goods or personal effects before assessing taxes. If the Fairfields' use test were adopted, county officials would be required to do just that.

The appellate standard of review requires that this court give deference to BOTA's determination, resolving all doubts in favor of taxation unless BOTA erroneously interpreted the statute.

*League of Kansas Municipalities*, 24 Kan. App. 2d at 297-98. BOTA did not erroneously interpret or apply K.S.A. 79-201c. Accordingly, the Fairfields' backhoe is not exempt from ad valorem taxation.

Affirmed.