No. 87,637

IN THE MATTER OF THE APPLICATION OF THE CITY OF WETMORE
FOR EXEMPTION FROM AD VALOREM TAXATION IN NEMAHA
COUNTY, KANSAS.

(56 P.3d 248)

Opinion filed October 25, 2002.

*Jeffrey L. Ungerer*, of Newbery & Ungerer, LLP, of Topeka, argued the cause, and *Douglas C. Fincher*, of the same firm, was with him on the brief for appellant City of Wetmore.

No appearance by appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the City of Wetmore in Nemaha County, Kansas, from an order of the Kansas Board of Tax Appeals (BOTA) denying the City's application for exemption from ad valorem taxation, beginning in 1997, on the land, fuel

storage tanks, and fuel-dispensing pumps owned and operated by the City. This court transferred the appeal from the Court of Appeals. K.S.A. 20-3018(c).

The issue is whether the real and personal property that makes up the fueling station is exempt from ad valorem taxation under K.S.A. 2001 Supp. 79-201a *Second.*

The facts are not disputed. The following facts are principally based on the affidavit of the City's mayor that accompanied the exemption application, which was admitted as an exhibit at the BOTA hearing; the testimony given by the City's mayor at the BOTA hearing; and facts stated in the BOTA order.

The City of Wetmore operates a self-service fuel station. The above-ground storage tanks and fuel-dispensing pumps are located on land that the City bought in 1993 and 1995 for the purpose of improving the appearance of the community. The tanks and pumps were installed in 1996.

The nearest commercial fuel station is 6 miles outside the city limits of Wetmore. Before the City made fuel available in Wetmore, a survey showed that citizens wanted a local fuel station, and the underground fuel storage tanks that had been used to fuel the local school district's buses had been removed under order of the Environmental Protection Agency. In an effort to satisfy the need for locally available fuel, the City tried for approximately a year without success to get a privately owned fuel station to locate within the City. According to the City's mayor, a major factor in the City's failing to attract a privately owned fuel station is that in the area surrounding Wetmore there are several stations owned by Native American tribes that are able to sell fuel for less than most other commercial enterprises. Concluding that it was in the public interest, the City eventually decided to create a municipally owned and operated fuel station.

The City's mayor testified that he believed the City could have issued bonds and levied taxes for the fuel station, but it did not do so. The record on appeal includes an opinion letter addressed to counsel for the City that states:

"[S]ufficient statutory authority exists for the City of Wetmore to issue its bonds to finance the acquisition of and improvement of a municipally owned gasoline

station to be used to dispense fuel to itself, other public agencies and other members of the general public. Such use would be consistent with and similar to the use of other governmentally owned facilities by members of the general public."

The letter is dated May 16, 2001, and signed by Philip B. Wolfe, of Nichols and Wolfe Chartered, Topeka, Kansas. The opinion letter was produced by the City's counsel at the BOTA hearing.

The fuel station is completely automated. It does not employ personnel, nor does it sell products other than fuel. Fuel is purchased with a major credit card or a "priority card" issued by the City. The City charges 6 cents per gallon over cost, and those using a "priority card" receive a discount of 2 cents per gallon. The margin is used by the City to pay the costs of electricity and maintenance for the station. The City's mayor testified that overall the station operates at a loss. At the time of the BOTA hearing, the cost of fuel at the City's station was a few cents more per gallon than nearby commercial enterprises. The City's station dispenses approximately 17,000 gallons a month.

In this action, the City seeks exemption from ad valorem taxation for the fueling station for the years 1997 on. The City's previous application for an exemption for 1996 was denied by BOTA, and BOTA's order was affirmed by the district court.

The Nemaha County Appraiser recommended that the City's application for ad valorem taxation exemption beginning in 1997 be granted. It appears that Nemaha County had objected to the exemption when the City previously applied. Counsel for the City told BOTA members at the hearing that the County's changed position and the City's decision to reapply for exemption was based on discussions the City conducted with legislators and the Kansas Department of Revenue, Division of Property Valuation, following the first denial.

Since Nemaha County now recommends that the exemption be granted to the City, there is no party asking this court to affirm BOTA's order. Thus, there is no brief or oral argument by an appellee in support of BOTA's order.

BOTA's orders are subject to judicial review under the Kansas Act for Judicial Review and Civil Enforcement of Agency Action

(KJRA). K.S.A. 77-601 *et seq.* Since the facts are not disputed, whether the property is exempt is a question of law.

Recognizing that BOTA is a specialized agency that exists to decide taxation issues, the court gives weight and deference to BOTA's decisions on matters within its area of expertise. BOTA's interpretation of a statute, however, is not conclusive, and the question whether BOTA has erroneously interpreted a statute is a matter of law over which the court has unlimited review. See, *e.g., League of Kansas Municipalities v. Board of Shawnee County Comm'rs,* 24 Kan. App. 2d 294, 297, 944 P.2d 172 (1997).

K. S. A. 2001 Supp. 79-201a *Second* provides that property used exclusively by a municipality shall be exempt from ad valorem taxes levied under the laws of the State of Kansas. It further provides that "[a]ll property owned . . . or operated by . . . any municipality . . . which is used . . . for any governmental or proprietary function and for which bonds may be issued or taxes levied to finance the same . . . shall be considered to be used exclusively by the . . . municipality . . . for the purposes of this section." K. S. A. 2001 Supp. 79-201a *Second.*

BOTA concluded that the City's use of the property was not a governmental or proprietary function within the meaning of the statute.

The BOTA order states:

"The Board is not aware of, and the applicant has not cited, any statute that expressly or impliedly authorizes a municipality to carry on the business of operating a fuel station. There are statutes that expressly authorize municipalities to carry on the businesses of airports, swimming pools, cemeteries, and golf courses. In the absence of such statutory authority in this case, the Board finds that the applicant's operation of the fuel station is not the type of governmental or proprietary function entitled to exemption under the applicable statute. To find otherwise would conclude that the Legislature intended all property owned by a municipality and being used for any commercial enterprise by the municipality to be exempt. Such a conclusion would allow municipalities to compete against individuals in all lines of trade. The Board is not convinced that such was the intent of the Legislature. The Board concludes that the applicant's use of the subject property is not a governmental or proprietary function pursuant to K. S. A. 79-201a *Second,* and amendments thereto, and the applicant's request for exemption of the subject property should be denied."

BOTA's decision is based on the belief that a governmental or proprietary function within the meaning of K. S. A. 2001 Supp. 79-201a *Second* must be expressly authorized by some other statutory provision. BOTA cites no authority for this proposition, which is the linchpin of its decision.

In *Bigs v. City of Wichita*, 271 Kan. 455, 23 P.3d 855 (2001), we noted such legislative authority is not required, stating:

"After July 1, 1961, cities were no longer dependent upon the legislature for authority to determine local affairs. As noted in *Claflin* [*v. Walsh*, 212 Kan. 1, 509 P.2d 1130 (1973)], home rule is not without limitation. Essentially, the cities and state have concurrent concerns and authority as to local affairs. Where the legislature is silent as to a local matter, a city may address it by enacting an ordinary ordinance. A city may legislate on the same subject providing the city ordinance does not conflict with a state statute. If there is a conflict, the city can opt out of the statute by enacting a charter ordinance. However, where a statute applies uniformly to all cities, the city cannot opt out by charter ordinance, and such ordinance is void." 271 Kan. at 464.

No conflicting statute is cited, nor are we aware of any.

In countering BOTA's edict that only express statutory authorization will qualify a use for tax exemption, the City directs the court's attention to a case in which the municipality held the property pursuant to statute but did not qualify for exemption. In *In re Tax Exemption Application of City of Wichita*, 255 Kan. 838, 877 P.2d 437 (1994), the City of Wichita sought tax exemption for property it temporarily owned through civil forfeiture by law enforcement for drug law violations. During the period the City of Wichita held the property prior to sale under law, it remained vacant. Because the property was lying dormant and "was held for sale with proceeds committed to associated expenses and future governmental purposes," the court concluded that there was no active utilization of the property for a public purpose. 255 Kan. at 846-47. The property, therefore, was not exempt from taxation under K. S. A. 79-201a *Second*.

In *Tri-County Public Airport Auth. v. Board of Morris County Comm'rs*, 245 Kan. 301, 777 P.2d 843 (1989), BOTA determined that under K.S.A. 79-201a *Second* property used for airport purposes was exempt, but such exemption did not extend to that part

of the property which Tri-County leased to private entities and used for nonaviation-related businesses. This court, in affirming BOTA's order, stated:

"Exclusive use as defined by the statute requires actual use of the property for a public purpose. The leasing of portions of the Tri-County property solely for the purpose of generating revenue, while authorized by the Surplus Property and Public Airport Authority Act, does not constitute exclusive use for a 'governmental or proprietary function' of the airport authority even though the particular use of the leased property may be proprietary in nature. The use contemplated by the statute and our prior cases is one directly connected with an appropriate function of government. As stated by the BOTA, 'The use must be in the nature of a public use even though proprietary in nature.' Ownership of property solely for the purpose of producing revenue which may ultimately be used to finance a governmental function, in this case the airport facility, is not exclusive use as defined by K.S.A. 1988 Supp. 79-201a *Second.*" 245 Kan. at 310.

In all of the above cases, the determining factor for exemption was whether the property was being used for a public purpose. In the present case, the City of Wetmore's property is being used to make motor vehicle fuel locally available to the school district and Wetmore citizens, who otherwise would have to make a 12-mile round trip in order to obtain fuel. Thus, the City is using its property for a public purpose.

BOTA also expressed concern that a tax exemption would allow the City to compete unfairly with private motor vehicle fuel providers, who do not enjoy tax exemption. In the circumstances of this case, not only are there no private competitors in or near the City but also earnest efforts by the City's governing body could not entice private competitors to enter the market. Only when there was no prospect of a private source for motor vehicle fuel becoming locally available to the citizens of Wetmore did the City act to create one. Thus, in the circumstances of this case, the municipality's competing with private enterprise is not an issue.

The order of BOTA denying the exemption to the City of Wetmore is reversed.

LARSON, S.J., assigned.