The Honorable Paul Davis State Representative, 46th District 1527 Massachusetts Lawrence, Kansas 66044
Dear Representative Davis:
You request our opinion regarding whether signatures on a petition submitted pursuant to K.S.A. 12-757 must be notarized.
"A municipality has no inherent power to enact zoning laws, and the power of a local government to accomplish zoning exists only by virtue of authority delegated by the state."[1] K.S.A. 12-741 et seq. provides "enabling legislation for the enactment of planning and zoning laws and regulations by cities and counties for the protection of the public health, safety and welfare. . . ."[2] The governing body has the authority to "supplement, change or generally revise the boundaries or regulations contained in zoning regulations by amendment."[3] The procedure for adopting such amendments is set forth in K.S.A. 12-757, and includes a requirement that the amendments be subject to a public hearing.[4] "A majority of the members of the planning commission present and voting at the hearing shall be required to recommend approval or denial of the amendment to the governing body."[5] Unless a protest petition against the amendment is filed:
 "[T]he governing body may: (1) Adopt such recommendation by ordinance in a city or by resolution in a county; (2) override the planning commission's recommendation by a 2/3 majority vote of the membership of the governing body; or (3) return such recommendation to the planning commission with a statement specifying the basis for the governing body's failure to approve or disapprove."[6]
If a protest petition is filed, the ordinance or resolution adopting the amendment may be passed only by at least a 3/4 vote of all of the members of the governing body.[7]
A protest petition regarding the amendment of zoning boundaries or regulations is authorized in K.S.A. 12-757(f)(1). "[I]f a petition is required or authorized as a part of the procedure applicable . . . to any county, city, school district or other municipality, or part thereof, the provisions of K.S.A. 25-3601 et seq., and amendments thereto, shall apply."[8] "When any other statute imposes specific requirements which are different from the requirements imposed by K.S.A. 25-3601 et seq., and amendments thereto, the provisions of the specific statute shall control."[9] Therefore, the requirements in K.S.A. 12-757 and 25-3601et seq. are considered in determining whether signatures on a protest petition authorized by K.S.A. 12-757(f) must be notarized.
K.S.A. 12-757 requires that a protest petition be filed in the office of the city clerk or county clerk within 14 days after the conclusion of the public hearing and be "signed by the owners of record of 20% or more of any real property proposed to be rezoned or by the owners of record of 20% or more of the total real property within the area required to be notified. . . ." Subsection (b) of K.S.A. 2002 Supp. 25-3602 states that a petition must:
 "(1) State the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620 and K.S.A. 25-3601, and amendments thereto;
 "(2) name the taxing subdivision or other political subdivision in which an election is sought to be held;
 "(3) contain the following recital above the spaces provided for signatures: `I have personally signed this petition. I am a registered elector of the state of Kansas and of (here insert name of political or taxing subdivision) and my residence address is correctly written after my name.'
 "The recital shall be followed by blank spaces for the signature, residence address and date of signing for each person signing the petition.
 "When petitioners are required by law to possess qualifications in addition to being registered electors, the form of the petition shall be amended to contain a recital specifying the additional qualifications required and stating that the petitioners possess the qualifications; and
 "(4) contain the following recital, at the end of each set of documents carried by each circulator: `I am the circulator of this petition and a resident of the state of Kansas and possess the qualifications of an elector of the state of Kansas. I have personally witnessed the signing of the petition by each person whose name appears thereon.'
"
"(Signature of circulator)
"
"(Circulator's residence address)
 "The recital of the circulator of each petition shall be verified upon oath or affirmation before a notarial officer in the manner prescribed by K.S.A. 53-501, et. seq. and amendments thereto."
The rules of statutory construction are followed in determining whether the signatures on a protest petition submitted pursuant to K.S.A. 12-757
must be notarized.
"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. Mitchell v. Liberty Mut. Ins. Co.,271 Kan. 684, 694, 24 P.3d 711 (2001). The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. 271 Kan. at 694-95,24 P.3d 711."[10]
Statutes should not be read to add what is not found in the language or to delete what is, as a matter of ordinary English, contained in the language.[11]
There is no requirement in K.S.A. 12-757 that signatures on a protest petition be notarized. The plain language in K.S.A. 2002 Supp. 25-3602
shows that the signature of a circulator who has completed the recital is to be verified upon oath or affirmation before a notarial officer, but there is no requirement that other signatures contained on the petition be notarized. Following the rules of statutory construction, it is determined that signatures on a protest petition submitted pursuant to K.S.A. 12-757, other than the circulator's signature on the recital, do not need to be verified upon oath or affirmation before a notarial officer or otherwise notarized.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] M.S.W., Inc. v. Board of Zoning Appeals of Marion County,29 Kan. App. 2d 139, 148 (2001), citing Julian v. Golden Rule Oil Co.,112 Kan. 671 (1923).
[2] K.S.A. 12-741.
[3] K.S.A. 12-757(a).
[4] K.S.A. 12-757(b), (c)(2).
[5] K.S.A. 12-757(d).
[6] Id.
[7] K.S.A. 12-757(f)(2).
[8] K.S.A. 2002 Supp. 25-3601(a).
[9] K.S.A. 2002 Supp. 25-3601(d).
[10] Halsey v. Farm Bureau Mut. Ins. Co., 61 P.3d 691, 695 (Kan. 2003).
[11] Director of Taxation, Dept. of Revenue v. Kansas Crude OilReclaiming Co., 236 Kan. 450, 455 (1985); In re Fairfield,27 Kan. App. 2d 497, 499 (2000).