(177 P.3d 1279)
No. 97,619

In the Matter of the Application of CITY OF GARNETT/EAST KANSAS AGRI-ENERGY, L.C.C., for Exemption from Ad Valorem Taxation in ANDERSON COUNTY, KANSAS.

Opinion filed March 14, 2008.

*Victor W. Miller*, of Topeka, for appellant Anderson County.

*J. Eugene Balloun* and *Toby J. Crouse*, of Shook, Hardy & Bacon L.L.P., of Kansas City, Missouri, and *Scott W. Anderson*, of Gilmore & Bell PC, of Kansas City, Missouri, for appellee City of Garnett/East Kansas Agri-Energy, L.L.C.

Before MARQUARDT, P.J., MALONE, J. and BRAZIL, S.J.

MALONE, J.: Anderson County, Kansas (County), appeals the Kansas Board of Tax Appeals' (BOTA) decision granting the City of Garnett's (City) application for exemption from ad valorem taxation of an ethanol manufacturing plant leased by City to East Kansas Agri-Energy, L.L.C. (East Kansas). This appeal raises no substantive issues about the merits of BOTA's decision granting the application for ad valorem tax exemption. Instead, County raises only procedural issues concerning City's notice of the public hearing to discuss the proposed tax exemption as required by K.S.A. 12-1749d. First, County claims that City failed to properly notify County of the public hearing as required by the statute. Second, County claims that City's published notice of the public hearing failed to properly identify the purpose of the hearing.

On August 14, 2001, City sent a "letter of intent" to East Kansas, which stated its support of East Kansas' effort to finance, build, and operate an ethanol manufacturing plant in City's Golden Prairie Industrial Park. In the letter, City agreed to "discuss in good faith industrial revenue bonds or tax incentive financing with your group as a source for at least a part of your capital needs to construct and equip the Plant."

East Kansas began constructing the ethanol plant in October or November 2004, and the plant was completed in July 2005. At an April 4, 2005, meeting attended by both City commissioners and County commissioners, City and County discussed the unresolved issue of East Kansas' request of industrial revenue bonds. Pursuant to K.S.A.12-1749d(a), City completed a cost-benefit analysis of issuing the bonds to East Kansas in May 2005.

On May 10, 2005, City published a notice in a local newspaper about its intention to hold a public hearing regarding the issuance

of $50,000,000 of industrial revenue bonds for the ethanol plant project. The published notice stated in part:

> "Public notice is hereby given that a public hearing will be held at the Garnett City Hall located at 131 W. 5th Avenue, Garnett, Kansas, on Tuesday, May 24, 2005, at 6:30 p.m., *regarding the proposed issuance by the City of Garnett, Kansas of its industrial revenue bonds* in the aggregate principal amount of approximately $50,000,000, the proceeds of which will be used to provide funds to pay the cost of acquiring, purchasing, constructing, installing, and equipping an ethanol production facility, including land, buildings, structures, improvements, fixtures, machinery, and equipment (the 'Project'). The Project will be located at 1304 South Main in the City of Garnett, Kansas. The City will lease the project to East Kansas Agri-Energy, L.L.C., a Kansas limited liability company (the 'Company'). *The Project will be exempt from ad valorem property taxes for a period of ten years, commencing in the year following the issuance of the bonds.*" (Emphasis added.)

On May 23, 2005, at approximately 2:30 p.m., City's clerk hand-delivered a notice of the hearing to the local school district's superintendent and to County's clerk. The content of the hand-delivered notice was similar to the content of the published notice.

At the May 24, 2005, public hearing, City passed a resolution indicating City's intention to issue $50,000,000 in bonds. Two of three County commissioners attended the hearing and expressed their concerns about the issuance of the bonds and any related tax abatement. County expressed concern about the short notice it received and requested that City delay its decision so that County could have more input. One of County's commissioners later claimed that he never received notice of the hearing.

On June 14, 2005, City passed Ordinance No. 3602, which authorized the issuance of $50,000,000 in industrial revenue bonds for the construction and equipment of the ethanol plant. Pursuant to the ordinance, City then leased the ethanol plant to East Kansas. City also entered a tax abatement agreement with East Kansas in which City agreed to take the necessary actions "to exempt from ad valorem taxation all or any portion of the Project financed with the proceeds of the Bonds."

On September 15, 2005, City filed an information statement under K.S.A. 12-1744a with BOTA regarding the issuance of the bonds. The bonds were issued in December 2005. City filed an application for exemption from ad valorem taxation with BOTA on

March 21, 2006. County requested a hearing on City's application, and the hearing was scheduled for May 16, 2006. At the hearing, County argued that City failed to properly notify both the public and County about the May 24, 2005, public hearing on the issuance of bonds and tax abatement.

BOTA granted City's application for exemption from ad valorem taxation. In its order, BOTA specifically found that City gave County sufficient notice of the public hearing pursuant to K.S.A. 12-1749d. County filed a timely motion for reconsideration and rehearing, which BOTA denied. County timely appeals.

On appeal, County claims BOTA erred in determining that City properly notified County of the May 24, 2005, public hearing to discuss the proposed tax exemption as required by K.S.A. 12-1749d. County also claims BOTA erred in determining that City's published notice of the public hearing properly identified the purpose of the hearing as required by the statute.

BOTA's orders are subject to review under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* K.S.A. 74-2426(c). A party claiming that BOTA's action is invalid bears the burden of proving the invalidity. K.S.A. 77-621(a); *In re Tax Appeal of Polaroid ID Systems, Inc.*, 31 Kan. App. 2d 448, 449, 66 P.3d 247, *rev. denied* 276 Kan. 968 (2003). Both issues County raises on appeal involve statutory interpretation. The interpretation of a statute is a question of law over which an appellate court has unlimited review. *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007).

As a preliminary matter, City reminds this court that under the doctrine of operative construction, Kansas courts defer to BOTA's decisions on matters within its expertise. *In re Tax Exemption Application of City of Wetmore,* 274 Kan. 702, 705, 56 P.3d 248 (2002). This case involves interpretation of K.S.A. 12-1749d. This statute addresses, among other matters, the notice which must be provided by a city prior to issuing any revenue bonds for business property which will be eligible for exemption from ad valorem taxation. While BOTA certainly has expertise on matters concerning eligibility for an ad valorem tax exemption pursuant to K.S.A. 2007 Supp. 79-201a *Second,* we do not believe that BOTA has any par-

ticular expertise in interpreting the notice provisions of K.S.A. 12-1749d. Therefore, we conclude the doctrine of operative construction does not require this court to give deference to BOTA's interpretation of this statute.

*Did City properly notify County of the public hearing?*

County claims BOTA erred in determining that City properly notified County of the May 24, 2005, public hearing as required by K.S.A. 12-1749d. Specifically, County argues that City failed to give County timely notice of the public hearing and that the written notice was improperly served on County's clerk rather than County's individual commissioners.

K.S.A. 12-1749d provides:

"Prior to issuing any revenue bonds pursuant to K.S.A. 12-1740 to 12-1749, inclusive, and amendments thereto, for any business the property of which will be eligible for an exemption from ad valorem taxation pursuant to K.S.A. 79-201a *Second,* and amendments thereto, the board of county commissioners of any county or the governing body of any city, as the case requires, shall be required to:

"(a) Prepare an analysis of the costs and benefits of each exemption which shall include the effect of the exemption on state revenues; and

"(b) conduct a public hearing on the granting of such exemption. Notice of the public hearing shall be published at least once seven days prior to the hearing in the official city or county newspaper, as the case requires, and shall indicate the purpose, time and place thereof. *In addition to such publication notice, the city or county clerk, as the case requires, shall notify in writing the governing body of any city or county and unified school district within which the property proposed for exemption is located."* (Emphasis added.)

BOTA determined that K.S.A. 12-1749d only required City to give County written notice of the hearing and did not provide a time frame for County to receive the notice. BOTA further noted that County was already aware of the possible issuance of bonds and that two of County's commissioners attended the public hearing. Finally, BOTA determined that the statute's requirement that the written notice be given to County's governing body was satisfied by serving County's clerk.

Citing case law from other jurisdictions, County argues that when a statute does not identify the time frame during which notice should be given, this court should interpret the statute as re-

quiring notice in a reasonable amount of time. County then argues that receiving notice of the public hearing 1 day before the hearing was not reasonable.

"When interpreting a statute, a court must give effect to the intention of the legislature as expressed in the plain and unambiguous language used by the legislature. [Citation omitted.] Ordinary words are to be given their ordinary meanings. Statutes should not be read to add what is not found in the language or to delete what is, as a matter of ordinary English, contained in the language. [Citation omitted]." *In re Tax Exemption Application of Fairfield*, 27 Kan. App. 2d 497, 499, 5 P.3d 539, *rev. denied* 269 Kan. 933 (2000).

K.S.A. 12-1749d requires the public notice of hearing to be published at least 7 days prior to the hearing. The statute does not, however, provide a time frame during which the notice should be given to County's governing body. According to the plain language of the statute, the legislature intended to impose a time frame on providing the public with notice of hearing but did not intend to impose a time frame on providing County's governing body with notice of the hearing.

We take no issue with County's argument that County was entitled to receive notice of the public hearing within a reasonable amount of time in order to be prepared for the hearing. However, we conclude the notice of the public hearing to County, albeit only 1 day before the hearing, was reasonable under the facts and circumstances of this case. This is evidenced by the fact that two of the three County commissioners attended the public hearing and were provided an opportunity to express their views with respect to the issuance of the bonds. It is also significant to note that County had been aware of the possible issuance of bonds since at least April 4, 2005, as the issue was discussed on that date at a meeting attended by both City's commissioners and County's commissioners. Moreover, the public notice of hearing, which was published on May 10, 2005, served to provide County with additional notice of the hearing. Given the fact that K.S.A. 12-1749d only requires 7 days' notice of the hearing to the public at large, it is reasonable to conclude that a 1-day "official notice" to County was timely under the facts and circumstances of this case.

County also argues that K.S.A. 12-1749d required City to serve notice of the public hearing to County's "governing body," which was County's individual commissioners rather than County's clerk. County provides no specific authority for this argument. In resolving this issue, BOTA relied on K.S.A. 60-304(d)(1), which provides that a county may be served with process by "serving one of the county commissioners *or the county clerk* or the county treasurer." (Emphasis added.) We agree with BOTA's reasoning. Considering the fact that K.S.A. 12-1749d(b) does not provide how County's "governing body" should be notified of the public hearing, it is appropriate to conclude that under K.S.A. 60-304(d)(1), County may be served with notice by serving County's clerk.

For these reasons, we conclude BOTA did not err in determining that City properly notified County of the May 24, 2005, public hearing as required by K.S.A. 12-1749d.

*Did the published notice properly identify the purpose of the hearing?*

Next, County claims the published notice of the public hearing violated K.S.A. 12-1749d(b) by failing to properly identify the purpose of the hearing. County makes no complaint about the language of the hand-delivered notice of public hearing it received from City. According to County, the published notice only identified the hearing's purpose as discussing the issuance of bonds rather than the granting of a tax exemption. Although County raised this issue to BOTA, BOTA did not clearly address the issue in its order. Instead, BOTA merely concluded that City's published notice met the requirements of K.S.A. 12-1749d.

Here, the published public notice stated that City was holding a public hearing "regarding the proposed issuance by the City of Garnett, Kansas of its industrial revenue bonds" to construct and build an ethanol production plant. The notice further explained that the ethanol plant would "be exempt from ad valorem property taxes for a period of ten years, commencing in the year following the issuance of the bonds." As required by K.S.A. 12-1749d(b), this notice clearly informed the public that City was holding the hearing for the purpose of discussing the issuance of revenue bonds which,

if granted, would result in the ethanol plant being exempt from property taxes for 10 years. Thus, County's argument that the published notice did not properly identify the purpose of the hearing is without merit.

Affirmed.