(44 P.3d 1280)
Nos. 86,516
86,517
86,518

In the Matter of the Application of EMPORIA MOTORS, INC., for relief from a tax grievance in Lyon County, Kansas.

In the Matter of the Application of DAVIS-MOORE OLDSMOBILE, INC., for relief from a tax grievance in Sedgwick County, Kansas.

In the Matter of the Application of CORMACK ENTERPRISES (a/k/a HORIZON FOODS) for relief from a tax grievance in Riley County, Kansas.

Opinion filed April 26, 2002.

*Richard D. Greene*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellants Emporia Motors, Inc.; Davis-Moore Oldsmobile, Inc; and Cormack Enterprises (a/k/a Horizon Foods).

*Clarence D. Holeman*, assistant county counselor, of Wichita, for appellee Sedgwick County.

*Norbert C. Marek, Jr.*, of Myers, Pottroff & Ball, of Manhattan, for appellee Riley County.

Before Lewis, P.J., Pierron and Beier, JJ.

Lewis, J.: This case borders on the bizarre. The appellants are Emporia Motors, Inc. (Emporia Motors); Davis-Moore Oldsmobile, Inc. (Davis-Moore); and Cormack Enterprises (Cormack), which we shall refer to collectively as "the Taxpayers." The Taxpayers all filed for relief from tax grievances in their respective counties on forms provided by the Kansas Board of Tax Appeals (BOTA). Each county involved in the tax challenge had an opportunity to respond to the grievances and make recommendations. Both Riley and Sedgwick County indicated that the Taxpayers' facts were true and correct, that relief should be granted, and that no hearing was requested. Sedgwick County stated that the exemption on the dent repair tools should be left to BOTA's discretion. Lyon County, which is not a party to this appeal, stipulated to the facts in the application and informed BOTA that the exemptions requested had already been granted for tax years 1997 and 1998 and requested no hearing. The hearing was scheduled and rescheduled on a number of occasions. However, at the hearing, BOTA made inquiry of each county present as to whether it had an objection to the Taxpayers' application. Sedgwick County's counsel stated that the exemption should be granted to Davis-Moore. Lyon County's counsel indicated relief had already been granted. Riley County waived its appearance.

The Taxpayers went into the hearing in a rather perfunctory manner, assuming the matter was essentially settled, that no one was opposing their applications, and that the grant of relief would simply be automatic. However, BOTA ignored the desires of all

the parties and denied relief to each of the Taxpayers on the basis that the burden of proof had not been met.

In the case involving the Cormack request for exemption, BOTA stated:

"As noted earlier, the burden of establishing the tax exemption is on the party requesting the exemption. After reviewing the invoices provided by the applicant, the Board could find no evidence that some of the components had a retail cost when new of $250 or less. The invoices list the total price of the system, not an individual price for the parts of the system. The Board concludes that the request for an exemption must be denied."

The journal entries involving the requests by Emporia Motors and Davis-Moore followed basically the same theory in denying the application for relief. While there were other issues involved, this appeal is limited to the issues on the request for exemption.

When the Taxpayers realized they had been misled into believing that the relief would be granted, they asked for further opportunity to appear and to explain and document their entitlement to exemption. BOTA denied that application. This appeal followed.

We reverse and remand.

BOTA orders are subject to judicial review pursuant to the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq. National Council on Compensation Ins. v. Todd,* 258 Kan. 535, 538, 905 P.2d 114 (1995). The applicable scope of review of actions of state agencies is statutorily stated as follows:

"(c) The court shall grant relief only if it determines any one or more of the following:

. . . .

(4) the agency has erroneously interpreted or applied the law;

(5) the agency has engaged in unlawful procedure or has failed to follow prescribed procedure;

. . . .

(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

(8) the agency action is otherwise unreasonable, arbitrary, or capricious." K.S.A. 77-621(c).

Focusing on subsection (8) of the statute quoted above, we consider "unreasonable" to be an action taken without regard to the benefit or harm of all interested parties which is so wide of the mark that its unreasonableness lies outside the realm of fair debate. *Combined Investment Co. v. Board of Butler County Comm'rs,* 227 Kan.17, 28, 605 P.2d 533 (1980). "An agency's action is 'arbitrary and capricious' if it is unreasonable or 'without foundation in fact.' " *Zinke & Trumbo, Ltd. v. Kansas Corporation Comm'n,* 242 Kan. 470, 475, 749 P.2d 21 (1988).

"BOTA is a specialized agency that exists to decide taxation issues, and its decisions should be given great weight and deference when it is acting in its area of expertise. However, if we find that BOTA's interpretation is erroneous as a matter of law, we will take corrective steps." *In re Tax Appeal of Univ. of Kan. School of Medicine,* 266 Kan. 737, 749, 973 P.2d 176 (1999).

When construing tax statutes, statutes that impose a tax are to be strictly construed in favor of the taxpayer. Tax exemption statutes, on the other hand, are to be construed strictly in favor of imposing the tax and against allowing the exemption for one who does not clearly qualify. *Presbyterian Manors, Inc. v. Douglas County,* 268 Kan. 488, 492, 998 P.2d 88 (2000).

In the case at hand, BOTA denied the Taxpayers' requests for exemption on the basis that the Taxpayers failed to present sufficient evidence that they were entitled to exemption. The burden of establishing exemption from taxation is on the one claiming it. *Woman's Club of Topeka v. Shawnee County,* 253 Kan. 175, 189-90, 853 P.2d 1157 (1993).

We conclude that the manner in which BOTA conducted this hearing was unreasonable and arbitrary and should be set aside for that reason. We not only fail to understand BOTA's action, but we question the action of Sedgwick County and Riley County in filing briefs attempting to support BOTA's decision. In this case, those counties all conceded that the applications for tax relief contained adequate documentation to grant the exemption requests. Sedgwick County orally agreed that the exemption should be granted. Riley County stipulated to the facts before BOTA by indicating its assent to exemption on the grievance application. If this

was not enough to lull the Taxpayers into a false feeling of security, BOTA did not question the adequacy of the documentation submitted or notify any of the parties that it was going to reject its stipulations. We hold that BOTA is required to provide parties with some degree of notice under these circumstances.

To agree that a party is entitled to relief, stipulate that its documentation is satisfactory, and then, without notice, change one's position at the time of hearing strikes us as improper and unfair.

We are not saying that BOTA must accept every stipulation submitted to it by the parties to BOTA proceedings. However, when BOTA fails to question the adequacy of the documentation submitted or to give the parties any notice that it is electing to reject their stipulations, this, in our opinion, denies due process. Where a party has been led to believe that it need not provide exhaustive evidence because everyone agrees it is entitled to the relief requested, BOTA must notify the parties should it decide to reject the stipulations of the parties and conduct a full and complete hearing on the application.

BOTA's decision is reversed, and the matter is remanded with orders to conduct a full and complete hearing on the requests for exemption by the Taxpayers.

Reversed and remanded with directions.