Rebecca L. Davis Johnson County Register of Deeds 111 South Cherry Street Olathe, Kansas 66051-0700
Dear Ms. Davis:
As Johnson County Register of Deeds, after consulting with and receiving the advice of the Johnson County Counselor, you request our opinion regarding "the collection of mortgage registration tax on identical but separate mortgages presented for filing in three counties, where each mortgage references property in only one county." You also question the appropriateness of using affidavits to amend or limit the amount secured by a mortgage and, as a result, alter the amount of the mortgage registration fee.
You provide the following facts:
 "Two documents, entitled (1) Memorandum of Lease and (2) Leasehold Mortgage, Assignment of Rents and Leases, Security Agreement and Fixture Filing ('Mortgage'), were presented for filing with the Johnson County Register of Deeds office. They were accompanied by a Kansas Mortgage Registration Tax Affidavit ('Johnson County Affidavit'). The Johnson county Affidavit states that the Mortgage secures property located within and outside of the State of Kansas and that the `face amount' of the Mortgage is $6,723,000. It then apportions that amount and provides separate `maximum amounts' secured by properties located in Johnson, Reno, and Sedgwick Counties. The Johnson County Affidavit concludes with a statement of the amount of mortgage registration tax allegedly due in each of the three counties.
"The Johnson County Affidavit is not consistent with the provisions of the Mortgage. The Mortgage makes no reference to any property being located outside the State of Kansas. Further, the Mortgage states in large print at the top of the first page: `The total amount of principal indebtedness secured by this security instrument shall not exceed, at any one time, the sum of $6,723,000 as to the properties located in the State of Kansas.' The Mortgage and the Memorandum of Lease only include property located in Johnson County. There are no Sedgwick or Reno County properties described in either the Mortgage or the Memorandum."
Additional documents that you have obtained from the registers of deeds of Reno and Sedgwick Counties evidence that mortgages were filed by this same mortgagee in those counties as well, each containing a description of only the properties located in the county in which the mortgage is filed. The mortgage filed in Sedgwick County contains a notation incorporating the Affidavit by reference, and the Affidavit has been attached to that mortgage.
You ask these questions:
 "1. How much should Johnson County collect for the mortgage registration tax on the Mortgage?
 "2. To what extent may an affidavit affect or change the procedures for collection of the mortgage registration tax set forth in K.S.A. 79-3102(a) and for collection of the tax on multi-county mortgages set forth in K.S.A. 79-3105?
 "(a) For purposes of calculating the mortgage registration fee, may a register of deeds disregard the amount of principal indebtedness stated on the mortgage if an affidavit contradicting such amount is provided?
 "(b) May a register of deeds rely on an affidavit to determine whether a mortgage covers property in multiple counties, particularly where the mortgage on its face does not appear to be a multi-county mortgage?
 "(c) May a register of deeds rely upon apportionments set forth in an affidavit to determine the amount of the mortgage attributable to and the taxes owed in each county?"
Your counsel has advised that because the mortgage presented for filing states on its face that the indebtedness secured by it shall not exceed $6,723,000 and there is no other language in the mortgage to the contrary, the mortgage registration fee should be calculated based on this amount. We agree.
K.S.A. 79-3102 provides in part:
 "(a) Before any mortgage of real property, or renewal or extension of such a mortgage, is received and filed for record, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated a registration fee of .26% of the principal debt or obligation which is secured by such mortgage. In the event the mortgage states that an amount less than the entire principal debt or obligation will be secured thereby, the registration fee shall be paid on such lesser amount. . . ."
The mortgage registration fee has been held to be a tax.[1] As such, its provisions should be strictly construed in favor of the taxpayer.[2] In other words:
 "Tax statutes will not be extended by implication beyond the clear import of language employed therein, and their operation will not be enlarged so as to include matters not specifically embraced. The rule of strict construction means that ordinary words are to be given their ordinary meaning. Such a statute should not be so read as to add that which is not readily found therein or to read out what as a matter or ordinary English language is in it."[3]
The strict construction rule for interpretation of tax statutes does not, however, permit the court to disregard manifest legislative intent appearing in the plain and unambiguous language of the statute.[4]
K.S.A. 79-3102 plainly requires that the mortgage registration tax be calculated on the amount of principal debt or obligation secured by themortgage. In the event the mortgage states an amount less than the principal debt or obligation will be secured thereby, the registration tax is to be based on that lesser amount. Here, no lesser amount is stated in the body of the Mortgage, nor does the Mortgage incorporate the Affidavit into its provisions. Unlike paragraphs (3) and (5) of subsection (d) of K.S.A. 79-3102, subsection (a) does not specifically authorize a register of deeds to accept an affidavit verifying a lesser amount as being secured by the Mortgage. While mortgages are to be construed to carry out the intent of the parties thereto,[5] it is not clear from a unilaterally signed affidavit that there is any intent for the affidavit to amend provisions of the mortgage. Thus, K.S.A. 79-3102(a) would require collection of .26% of $6,723,000, the amount stated in the Mortgage as being secured thereby.
By contrast, the mortgage presented in Sedgwick County for filing did apparently incorporate the Affidavit into the body of the mortgage. If done correctly, this makes the Affidavit a part of the mortgage and the Sedgwick County Register of Deeds would therefore have been correct in collecting mortgage registration taxes based on the lesser amount stated in the incorporated Affidavit as being secured by that mortgage, if clear that the lesser amount stated in the Affidavit was intended to replace the greater amount stated on the face of the Mortgage.
With regard to whether an affidavit may alter the method for collection of mortgage registration tax on multi-county mortgages as set forth in K.S.A. 79-3105, we note that apparently none of the mortgages tendered for filing referenced properties in more than one county. Thus, the provisions of K.S.A. 79-3105 would not have been triggered.[6] Thus, unless the mortgage presented states an amount less than the full principal indebtedness or obligation as being secured thereby, the tax should be based on the full amount, and this will be the case in each county in which it is filed. If each mortgage (by incorporation or otherwise) states that a lesser amount is being secured by that particular mortgage, the tax in each county would be based on that lesser stated amount. If one mortgage that includes the property descriptions for all three counties is presented for recording, the register of deeds to whom it is first presented would collect the full amount and apportion it, as contemplated by K.S.A. 79-3105.
In conclusion, for purposes of assessing mortgage registration tax, unless incorporated by reference or otherwise made a part of the mortgage itself, an affidavit is insufficient to alter the provision in the mortgage that states the amount of debt or obligation being secured thereby.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
PK:JLM:jm
[1] Missouri Pac. R. Co. v. Deering, 184 Kan. 283, 286 (1959).
[2] In re Emporia Motors, Inc., Kan., 44 P.3d 1280, 1283 (Kan.App. 2002).
[3] Director of Taxation v. Kansas Krude Oil Reclaiming Co.,236 Kan. 450, 455 (1984), quoted in Appeal of Alex R. Masson, Inc.,21 Kan. App. 2d 863, 868 (1995)
[4] In re Tax Appeal of Atchison Cablevision L.P., 262 Kan. 223,227-28 (1997), citing J.G. Masonry, 235 Kan. 497, 500 (1984).
[5] Carpenter v. Riley, 234 Kan. 758, 763 (1984).
[6] K.S.A. 79-3105 states in part: "When a mortgage covers propertysituated in two or more counties, the registration fee herein provided for shall be paid to the register of deeds . . . of the county where it is first presented for record. . . ." (Emphasis added).