NOT DESIGNATED FOR PUBLICATION

No. 119,228

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Equalization Appeal of

TARGET CORPORATION, DAYTON HUDSON CORPORATION,
and
EIGHTH STREET DEVELOPMENT COMPANY
for the 2016 Tax Year in Johnson County, Kansas.

MEMORANDUM OPINION

Appeal from Board of Tax Appeals. Opinion on remand filed January 14, 2022. Reversed and remanded with directions.

*Kathryn D. Myers* and *Ryan Carpenter*, assistant county counselors, for appellant Board of Johnson County Commissioners.

*Linda Terrill*, of Property Tax Law Group, LLC, of Overland Park, and *R. Scott Beeler* and *Carrie E. Josserand*, of Lathrop Gage LLP, of Overland Park, for appellees.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: This case returns to our court upon remand by the Kansas Supreme Court. See *In re Equalization Appeal of Target Corp.*, 311 Kan. 772, 466 P.3d 1189 (2020). Target Corporation, Dayton Hudson Corporation, and Eighth Street Development Company (collectively Taxpayers) appealed from Johnson County's (County) 2016 ad valorem tax valuations on seven commercial properties. The Board of Tax Appeals (BOTA) issued a summary decision with lower valuations than assessed by the County.

Generally, an aggrieved party must request a full and complete opinion from BOTA within 14 days of the summary decision before BOTA's order becomes final and subject to review on appeal. The Taxpayers requested a full and complete opinion from BOTA, but after the time to request a full and complete opinion had expired, the Taxpayers withdrew their request. The County, which did not separately request a full and complete opinion, objected to the Taxpayers' withdrawal of their request because it effectively cut off the County's ability to appeal. When BOTA declined to issue a full and complete opinion, the County appealed.

Our court dismissed the County's appeal, finding that we did not have jurisdiction to consider whether BOTA erred in declining to issue a full and complete opinion. The Kansas Supreme Court reversed that decision and remanded the case for our court to determine whether BOTA acted properly in failing to issue a full and complete opinion.

On remand, we hold that under the circumstances, BOTA's actions in not issuing a full and complete opinion were unreasonable and constituted error. We reverse BOTA's order and remand the case with directions to issue a full and complete opinion.

FACTUAL AND PROCEDURAL BACKGROUND

The Taxpayers own commercial real estate in the County. They appealed the County's ad valorem tax valuations for the 2016 tax year on seven commercial properties. BOTA issued a summary decision on February 20, 2018, that lowered the County's valuations on the Taxpayers' properties.

Within a week, the Taxpayers filed a request for a full and complete opinion. The County did not file a separate request. On March 27, 2018, after the time to request a full and complete opinion had expired, counsel for the Taxpayers emailed BOTA and stated:

2

"I have confirmed with BOTA counsel that the only Request for a Full & Complete Opinion in the Johnson County Target cases was from the Taxpayer.

. . . .

"*Relying on that confirmation from BOTA*, the taxpayer withdraws its request for a Full & Complete Opinion in each of the above matters, which withdrawal results in the matters being permanently closed."

The next day, the County filed an objection to the Taxpayers' attempt to withdraw their request for a full and complete opinion. The County characterized the Taxpayers' request as a motion to dismiss and asserted that BOTA had no discretion to determine whether to grant the request. The County asserted that the Taxpayers' request was designed to prejudice the County because the Taxpayers waited to make their request until after the time for the County to make its own request had expired. The County concluded by asking BOTA to issue a full and complete order or, at the very least, to reconsider its summary decision. In reply, the Taxpayers argued that the County lost its right to appeal when it failed to file a timely request for a full and complete opinion.

BOTA responded with an order titled "Order Denying Reconsideration." BOTA found "that the County has not provided a legal or statutory basis to show that the Taxpayers have no right to voluntarily withdraw their request for a full and complete opinion." Further, BOTA held that the County's motion for reconsideration was untimely.

The County appealed to our court. Its petition for judicial review specified that it was appealing from (1) BOTA's failure to issue a full and complete opinion, (2) the Order Denying Reconsideration, and (3) the summary decision. The Taxpayers moved for involuntary dismissal of the petition, arguing that this court lacked jurisdiction to consider the appeal because the County failed to timely request a full and complete opinion. The County objected to the motion for involuntary dismissal. We granted the Taxpayers' motion for involuntary dismissal and denied the County's later motion for rehearing or modification.

3

The Kansas Supreme Court granted the County's petition for review. In its opinion, the court affirmed in part and reversed in part our court's decision. The Supreme Court affirmed the dismissal of the appeal as it pertained to the County's effort to obtain judicial review of the summary decision. 311 Kan. at 781. But, it found the Court of Appeals "erred when it concluded it lacked jurisdiction over the County's petition for judicial review to the extent the petition alleges BOTA illegally failed to timely issue a full and complete opinion." 311 Kan. at 780. The Supreme Court explained that under the Kansas Judicial Review Act, judicial review of nonfinal actions is appropriate where a person is aggrieved by the failure of an agency to act in a timely manner or as otherwise required by law. 311 Kan. at 776-77; see K.S.A. 77-631. The Supreme Court remanded the case to our court with directions "to consider whether the Board acted properly in failing to issue a full and complete opinion." 311 Kan. at 780.

JURISDICTION

The Kansas Supreme Court relied on K.S.A. 77-631 in concluding that our court has jurisdiction to review the County's allegation that BOTA acted improperly in failing to issue a full and complete opinion. This statute provides: "A person aggrieved by the failure of an agency to act in a timely manner as required by K.S.A. 77-526 or 77-549, and amendments thereto, or as otherwise required by law, is entitled to interlocutory review of the agency's failure to act." K.S.A. 77-631.

The Taxpayers dedicate several pages of their brief to arguing that the County is not "aggrieved" within the meaning of K.S.A. 77-631. They assert that our Supreme Court found "the County may have been aggrieved by BOTA's finding that it did not meet its burden of proving the valuations it sought for Taxpayer's property," but the County "certainly cannot claim it was aggrieved by BOTA's failure [to] fulfill the Taxpayer's request for a Full and Complete Opinion, which the Taxpayer later withdrew,

4

when the County did not make any such request." The Taxpayers fault the County for failing to address this point in its appellant's brief.

The problem with the Taxpayers' argument is that it misreads our Supreme Court's opinion. The County was not required on remand to address why it was "aggrieved" within the meaning of K.S.A. 77-631 because the Kansas Supreme Court already decided that issue. While considering whether jurisdiction existed to review BOTA's refusal to issue a full and complete opinion, the court held that "BOTA's inaction, i.e., a failure to act, can only be considered an interlocutory (nonfinal) decision." 311 Kan. at 777. Accordingly, the court looked to the rules governing review of nonfinal actions, primarily K.S.A. 77-631. 311 Kan. at 776.

In considering whether K.S.A. 77-631 established jurisdiction for review of the County's claims, the Kansas Supreme Court specifically considered "whether the County is 'aggrieved' by BOTA's failure to act, as K.S.A. 77-631(a) requires." 311 Kan. at 778. It acknowledged but rejected the Taxpayers' argument that the County could not be aggrieved by BOTA's failure to issue a full and complete opinion because the County did not make its own request for a full and complete opinion. The Supreme Court stated that "this argument lacks a basis in K.S.A. 74-2426(c) because nothing in the statute restricts the right to judicial review in the Court of Appeals to only those parties who request a full and complete opinion." 311 Kan. at 778. The Supreme Court concluded that the County was "aggrieved by BOTA's failure to issue a full and complete opinion because that inaction cuts off the County's right to seek judicial review of BOTA's lower valuation determinations." 311 Kan. at 779. In remanding the case to our court, the Supreme Court "emphasize[d] the limited scope of the Court of Appeals' inquiry on remand," noting that "K.S.A. 77-631(a) provides only for 'review of the agency's failure to act'" and not the summary decision. 311 Kan. at 780.

5

In summary, the Kansas Supreme Court clearly held that the County was "aggrieved" within the meaning of K.S.A. 77-631. If it had not, then it would not have found that this court had jurisdiction to consider whether BOTA erred in refusing to issue a full and complete opinion. For these reasons, the Taxpayers' jurisdictional argument is unpersuasive.

## DID BOTA ACT PROPERLY IN FAILING TO ISSUE A FULL AND COMPLETE OPINION?

The sole issue before our court on remand is whether BOTA erred in failing to timely issue a full and complete opinion. *In re Equalization Appeal of Target Corp.*, 311 Kan. at 780. The County makes three arguments. First, it asserts that BOTA erroneously applied the law when it failed to issue a full and complete opinion because the clear, unambiguous language of K.S.A. 74-2426 requires BOTA to issue a full and complete opinion once it has been requested unless the taxpayer appeals to the district court. Second, the County claims that BOTA should have considered withdrawal of the Taxpayers' request for a full and complete opinion as a motion for voluntary dismissal and applied the attendant standards. Third, the County argues that BOTA's action was unreasonable, arbitrary, and capricious because it allowed the Taxpayers to control the County's ability to appeal further. We will individually consider these arguments.

We begin the analysis with our standard of review. Resolving the issues in this case requires statutory interpretation. Questions of statutory interpretation are questions of law subject to unlimited review. "Although an appellate court gives deference to the agency's interpretation of a statute, the final construction of a statute lies with the appellate court, and the agency's interpretation, while persuasive, is not binding on the court." *In re Appeal of United Teleservices, Inc.*, 267 Kan. 570, Syl. ¶ 2, 983 P.2d 250 (1999). "Because a rebuttable presumption of validity attaches to all administrative agency actions, the burden of proving arbitrary and capricious conduct lies with the party

6

challenging the agency's actions." *In re Equalization Proceeding of Amoco Production Co.*, 33 Kan. App. 2d 329, 333, 102 P.3d 1176 (2004); see K.S.A. 77-621(a)(1).

*K.S.A. 74-2426 Does Not Govern Withdrawal of a Request for a Full and Complete Opinion*

When the Taxpayers filed their request for a full and complete opinion, they did so under K.S.A. 74-2426. This statute provides in relevant part:

> "Any aggrieved party, within 14 days of receiving the board's [summary] decision, may request a full and complete opinion be issued by the board in which the board explains its decision. Except as provided in subsection (c)(4), this full opinion shall be served by the board within 90 days of being requested." K.S.A. 74-2426(a).

Subsection (c)(4) of the statute provides that taxpayers can appeal from a summary decision by filing a petition for review in district court. K.S.A. 74-2426(c)(4)(B). If the taxpayer elects this option, it must notify BOTA and the other parties. K.S.A. 74-2426(c)(4)(C). Upon receiving this notice, BOTA's "jurisdiction shall terminate, notwithstanding any prior request for a full and complete opinion under subsection (a), and the board shall not issue such opinion." K.S.A. 74-2426(c)(4)(C).

The County argues that the plain language of K.S.A. 74-2426 required BOTA to issue a full and complete opinion. Once a request for a full and complete opinion is made, the County claims "there is only one way that BOTA is released from its obligation to issue a full and complete opinion," and this would be if the Taxpayer files a petition for review in the district court and notifies BOTA and the other parties.

In response, the Taxpayers assert that the County's argument is unreasonable, and that reading K.S.A. 74-2426 to prohibit withdrawal of a request for a full and complete opinion "would be undesirable and unworkable precedent, as it would necessitate that

7

BOTA . . . expend significant resources issuing decisions or making opinions that are no longer wanted or requested."

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *Harsay v. University of Kansas*, 308 Kan. 1371, 1381, 430 P.3d 30 (2018). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). When a statute is plain and unambiguous, an appellate court should not speculate regarding the legislative intent behind that clear language, and *it should refrain from reading something into the statute that is not readily found in its words*. See *Harsay*, 308 Kan. at 1381.

The County's argument based on the plain language of K.S.A. 74-2426 is not persuasive. While the statute certainly controls BOTA's actions when a party requests a full and complete opinion, it is silent as to BOTA's duty when that request is withdrawn. The statute does not obligate BOTA to issue a full and complete opinion if it is not requested by the aggrieved party. Whether BOTA should allow a party to withdraw a request for a full and complete opinion is simply not addressed by the provisions of K.S.A. 74-2426. Under these circumstances, we decline to read something into the statute that is not readily found in its words. See *Harsay*, 308 Kan. at 1381. We are persuaded that the plain language of the statute does not require reversal of BOTA's decision.

*K.S.A. 2020 Supp. 60-241(a)(2) Does Not Govern Withdrawal of a Request for a Full and Complete Opinion*

K.S.A. 74-2426 is not the only statute governing BOTA's procedures. Both the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 et seq., and BOTA's regulations provide additional guidance. In particular, the regulations provide that, "[t]o

8

the extent that the Kansas administrative procedure act or procedures prescribed by other statutes do not specifically apply, the Kansas code of civil procedure, and amendments thereto, shall apply in all proceedings before the regular division of the court." K.A.R. 94-5-1(a) (2016 Supp.).

The BOTA regulation adopting the Kansas Code of Civil Procedure (KCCP) provides the foundation for the County's next argument. The County contends the Taxpayers' withdrawal of their request for a full and complete opinion should have been treated as a motion for voluntary dismissal governed by K.S.A. 2020 Supp. 60-241. This statute allows a plaintiff to voluntarily dismiss an action without a court order in two circumstances: (1) by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, and (2) by filing a stipulation of dismissal signed by all parties who have appeared. K.S.A. 2020 Supp. 60-241(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." K.S.A. 2020 Supp. 60-241(a)(2). These dismissals are without prejudice, unless the notice, stipulation, or court order states differently. K.S.A. 2020 Supp. 60-241.

The County asserts that K.S.A. 2020 Supp. 60-241(a)(2), requiring a court order for dismissal, should have governed the present case and that BOTA should have considered how the voluntary dismissal impacted the County's rights. The County argues that after litigating the case for over three years, "both the Taxpayer and County had become fully vested in the litigation and both held significant interest in BOTA's issuance of a full and complete opinion." By allowing the Taxpayers to withdraw their request for a full and complete opinion, the County argues, BOTA effectively barred the County from exercising its appeal rights. The County cites several voluntary dismissal cases in support, although none of them relate to the circumstances presented in this appeal.

9

The obvious flaw in the County's argument is that the Taxpayers' withdrawal of their request for a full and complete opinion was not a voluntary dismissal. While the Taxpayers' decision not to pursue an appeal did effectively conclude the case, the case did not end because it was dismissed. Rather, the Taxpayers' withdrawal of their request concluded the case insofar as it precluded both themselves and the County—which had not made its own request for a full and complete opinion—from appealing BOTA's decision on the merits to our court. Accordingly, we conclude the provisions of K.S.A. 2020 Supp. 60-241(a)(2) relating to a voluntary dismissal of a case are not applicable to the Taxpayers' withdrawal of their request for a full and complete opinion.

*BOTA Acted Unreasonably When It Failed to Issue a Full and Complete Opinion*

There is nothing in K.S.A. 74-2426, the KAPA, BOTA's regulations, or the KCCP that directly govern whether a party may withdraw a request for a full and complete BOTA opinion or whether BOTA has a legal obligation to issue a full and complete opinion after a party makes such a withdrawal. There is, however, K.S.A. 2020 Supp. 60-267(b), a "gap filling" statute found in the KCCP. This statute provides:  "*Procedure when there is no controlling law*. In all cases not provided for by this article, the district courts may regulate practice in any manner consistent with this article and rules prescribed by the supreme court." K.S.A. 2020 Supp. 60-267(b). Importantly, this statute is made applicable to BOTA proceedings by K.A.R. 94-5-1.

District court or administrative agency actions taken pursuant to K.S.A. 2020 Supp. 60-267(b) have not been frequently analyzed by Kansas courts, and caselaw provides minimal guidance. However, since the statute grants broad discretion, the abuse of discretion standard of review should apply. "[A]n abuse of discretion occurs when the action taken is arbitrary, fanciful, unreasonable, or not supported by the facts." *Denning v. Johnson County Sheriff's Civil Service Board*, 46 Kan. App. 2d 688, 701, 266 P.3d 557 (2011); see also K.S.A. 77-621(c)(8) (permitting appellate courts to grant relief from an

10

agency decision when the agency action is unreasonable, arbitrary, or capricious). An agency action is "'unreasonable'" if it is "taken without regard to the benefit or harm of all interested parties which is so wide of the mark that its unreasonableness lies outside the realm of fair debate." *In re Tax Application of Emporia Motors, Inc.*, 30 Kan. App. 2d 621, 624, 44 P.3d 1280 (2002).

On appeal, the County argues that BOTA's refusal to issue a full and complete opinion was unreasonable, arbitrary, and capricious. Its primary argument is that "BOTA's action essentially provided the Taxpayer an opportunity to eliminate the County's right to appeal this matter." By acting in this manner, the County claims that BOTA improperly granted control of the proceedings to the Taxpayers. The County also argues that BOTA deprived it of an opportunity to be heard on the matter and failed to consider how the action would affect the County's rights. The County asserts that the only remedy for this unreasonable, arbitrary, and capricious action is to remand this case to BOTA with directions to issue a full and complete opinion.

In response, the Taxpayers dispute that they or BOTA deprived the County of its appellate rights. They point out that the County failed to take the steps proscribed by statute in requesting a full and complete opinion. The Taxpayers state that the County "cannot complain that it lost its ability to appeal when its own decisions and inactions are the very reason it finds itself here."

We are persuaded that the County has the better argument. We find that, under the circumstances, BOTA acted unreasonably in failing to issue a full and complete opinion, and thus abused its discretion. Several reasons, considered collectively, support our decision.

First, BOTA's order denying the County's objection to the Taxpayers' notice of withdrawal consisted of only one sentence: "The Board finds that the County has not

11

provided a legal or statutory basis to show that the Taxpayers have no right to voluntarily withdraw their request for a full and complete opinion." Our Supreme Court characterized this order as "at best cryptic about any statutory obligation [BOTA] might have to issue a full and complete opinion," and observed that BOTA's "sidestepping" of the issue was nevertheless a rejection of the County's argument and a declaration that a full and complete opinion would not be issued. *In re Equalization Appeal of Target Corp.*, 311 Kan. at 777.

BOTA's one-sentence order did not address several legal arguments raised by the County in its objection to the Taxpayers' action. Moreover, Taxpayers filed a four-page response to the County's arguments which included raising a jurisdictional bar to the County's objection, yet these arguments were not mentioned, let alone discussed, in the order. BOTA's cursory order does not reflect a carefully considered, reasoned decision by an administrative Board about an important tax assessment matter.

The perfunctory handling of this matter is especially concerning given the directives in K.S.A. 74-2433(g):

> "It is the intent of the legislature that proceedings in front of the board of tax appeals be conducted in a fair and impartial manner and that all taxpayers are entitled to a neutral interpretation of the tax laws of the state of Kansas. The provisions of the tax laws of this state shall be applied impartially to both taxpayers and taxing districts in cases before the Board."

BOTA's one-sentence order provides the appellate courts and the parties with no assurance that its order reflected a neutral interpretation of the tax laws impartially applied to both parties.

Second, the timing of the Taxpayers' notice of the withdrawal of their request for a full and complete opinion raises serious questions. As our Supreme Court summarized the County's argument, the County

"asked BOTA to issue the full and complete opinion, anyway, arguing no statutory authority permitted a request to be withdrawn once it is made. It also asserted the Taxpayers' maneuver was designed to prejudice the County. It noted [the Taxpayers] waited until it was too late for the County to make its own request in an obvious attempt to prevent it from appealing the lower valuations." 311 Kan. at 773.

The Taxpayers requested a full and complete opinion six days after BOTA issued its summary decision. This request was timely, given the requirement of K.S.A. 74-2426(a) that any aggrieved party within 14 days of receiving the board's decision may request a full and complete opinion. The Taxpayers' request was consequential. It put BOTA and the County on notice that BOTA's "full opinion shall be served by the board within 90 days of being requested." K.S.A. 74-2426(a). Upon the filing of the full and complete opinion—a final order—any aggrieved party may file a petition for review in the Court of Appeals. K.S.A. 74-2426(c)(4)(A). But the Taxpayers' notice of withdrawal of its request, on March 27, 2018, was made one month after its request, well beyond the 14-day deadline for the County to ask for a full and complete opinion. By employing this procedure in this way, the Taxpayers effectively precluded the County's statutory right to timely file a petition for review upon the issuance of a full and complete opinion.

Third, Taxpayers argue that "[t]he County cannot suggest that it was tricked into complacency." They contend:

"The County had no reasonable expectation that BOTA would issue a Full and Complete Opinion because the County **never** made such a request[.] Here, the County could have no reasonable expectation that BOTA would issue a Full and Complete Opinion because the County failed to make a timely request that an opinion be issued."

13

As noted earlier, in the prior appellate proceeding, our Supreme Court addressed the Taxpayers' argument and rejected it:

"In [the Taxpayers'] view, the County lost the right to seek review of the full and complete opinion by failing to ask for it on its own accord. But this argument lacks a basis in K.S.A. 74-2426(c) because nothing in the statute restricts the right to judicial review in the Court of Appeals to only those parties who request a full and complete opinion." 311 Kan. at 778.

Given that the Taxpayers requested a full and complete opinion, that K.S.A. 74-2426(a) provided that a full and complete opinion shall be issued as a result, and K.S.A. 74-2426(c) permitted the County, as an aggrieved party, to petition for review after the full and complete opinion was filed—without any requirement that the party have requested such an opinion—we are persuaded that the County had a reasonable expectation that BOTA would issue the opinion that the Taxpayers' requested, and as a result, the County would have the opportunity to file a petition for review. Under these circumstances, BOTA's decision not to issue a full and complete opinion was "taken without regard to the benefit or harm of all interested parties." *In re Tax Application of Emporia Motors, Inc.*, 30 Kan. App. 2d at 624.

Finally, given the lengthy proceedings, the amount in controversy, and the brevity of BOTA's summary opinion explaining its reasons for ascribing lower valuations to the commercial properties in question, we conclude it was unreasonable for BOTA to short-circuit the process of preparing a full and complete opinion 30 days into the 90-day statutory period for issuance of the opinion.

This litigation began in May 2016 when the Taxpayers filed an equalization/protest appeal. The subject properties are seven Target retail stores located throughout suburban Johnson County. Discovery was extensive. The evidentiary hearing before BOTA spanned three days and involved lengthy complex testimony and numerous

exhibits. During the proceedings, the County confessed to judgment that the properties had an appraised value of $104,868,000. In its summary opinion, BOTA found that the properties' actual appraised value was $74,484,000—a significant reduction in the County's confessed judgment.

BOTA's summary opinion was six pages in length with about three pages of the opinion consisting of graphs simply identifying the various properties and their several appraised valuations. Only one page of the summary opinion was devoted to explaining BOTA's analysis in determining the actual assessed valuation of the six properties. The lengthy litigation process, the obvious economic value of the numerous commercial properties, the considerable reduction in the County's assessed valuation found by BOTA, and BOTA's brief explanation of its order in the summary opinion, are additional reasons why we are persuaded that BOTA's decision to allow the withdrawal of the Taxpayers' request for a full and complete opinion 30 days after its request was unreasonable.

Moreover, there is no concern in this case that issuing a full and complete opinion after the Taxpayers' request for one was withdrawn will prejudice the Taxpayers or waste BOTA's resources by requiring it to perform a needless act. While the Taxpayers apparently decided not to appeal BOTA's order and, thus, withdrew their request, upon the issuance of a full and complete opinion they are not precluded from either filing or not filing an appeal. The Taxpayers will incur no prejudice since they may appeal or maintain their decision not to appeal. Regarding BOTA, by the County filing its objection the day after the Taxpayers notified BOTA of the withdrawal of its request, the County informed BOTA that it sought to preserve its right to appeal BOTA's adverse property assessment order. As a result, the filing of a full and complete opinion is not a wasteful or needless act but an important one, given the County's reliance upon the Taxpayers' original request for a full and complete opinion.

15

In conclusion, our Supreme Court remanded this case to us "with directions to conduct further proceedings to determine whether the Board acted properly in failing to issue a full and complete opinion." *In re Equalization Appeal of Target Corp.*, 311 Kan. at 773. For all the reasons discussed in this opinion, we hold that BOTA abused its discretion and acted unreasonably because its failure to issue a full and complete opinion under the totality of circumstances was without regard to the harm incurred by the County and was so wide of the mark that its unreasonableness is outside the realm of fair debate. See *In re Tax Application of Emporia Motors, Inc.*, 30 Kan. App. 2d at 624.

Reversed and remanded with directions to issue a full and complete opinion.

* * *

GREEN, J., concurring: I concur with the results reached by the majority except as to its analysis of the plain meaning of K.S.A. 74-2426. For the reasons stated in my concurring opinion, I believe the plain language of K.S.A. 74-2426 requires reversal of the Board of Tax Appeals' (BOTA) decision.

K.S.A. 74-2426 states, in part, the following:

"Any aggrieved party, within 14 days of receiving the board's [summary] decision, may request a full and complete opinion be issued by the board in which the board explains its decision. Except as provided in subsection (c)(4), this full opinion shall be served by the board within 90 days of being requested." K.S.A. 74-2426(a).

Subsection (c)(4) of K.S.A. 74-2426 provides the only way BOTA can avoid the issuing of a full and complete opinion once a full and complete opinion has been requested under K.S.A. 74-2426(a). For example, subsection (c)(4) of the statute says that a taxpayer can appeal from a summary decision by filing a petition for review in district court. K.S.A. 74-2426(c)(4)(B). If the taxpayer elects this option, it must notify BOTA and the other

16

parties. K.S.A. 74-2426(c)(4)(C). On receiving this notice, BOTA's "jurisdiction shall terminate, notwithstanding any prior request for a full and complete opinion under subsection (a), and the board shall not issue such opinion." K.S.A. 74-2426(c)(4)(C).

In its decision, the majority points out Johnson County's (County) plain language argument. For instance, the County maintains that according to the plain language of K.S.A. 74-2426, this statute required BOTA to issue a full and complete opinion. The County further points out that after a request for a full and complete opinion is made, "there is only one way that BOTA is released from its obligation to issue a full and complete opinion," and this would require Target Corporation, Dayton Hudson Corporation, and Eighth Street Development Company (collectively Taxpayers) to have filed a petition for review in the district court and to have notified BOTA and the other parties.

On the other hand, the Taxpayers contend that the County's argument is unreasonable, and that reading K.S.A. 74-2426 to prohibit withdrawal of a request for a full and complete opinion "would be undesirable and unworkable precedent, as it would necessitate that BOTA . . . expend significant resources issuing decisions or making opinions that are no longer wanted or requested." But K.S.A. 74-2426 does not say that. In essence, the Taxpayers rewrite the plain language of K.S.A. 74-2426 to validate their unstated statutory withdrawal of their request for a full and complete opinion.

Again, K.S.A. 74-2426 states, in part, as follows:

> "Any aggrieved party, within 14 days of receiving the board's [summary] decision, may request a full and complete opinion be issued by the board in which the board explains its decision. *Except as provided in subsection (c)(4)*, this full opinion shall be served by the board within 90 days of being requested." (Emphasis added.) K.S.A. 74-2426(a).

17

I have italicized the qualifying language referencing subsection (c)(4) because subsection (c)(4) is inapplicable to the issue in this appeal. For one thing, no appeal was ever made under subsection K.S.A. 74-2426(c)(4)(B). When you remove the qualifying language referencing subsection (c)(4) from subsection K.S.A. 74-2426(a), the subsection reads as follows:

> "Any aggrieved party, within 14 days of receiving the board's [summary] decision, may request a full and complete opinion be issued by the board in which the board explains its decision. . . . [T]his full opinion shall be served by the board within 90 days of being requested." K.S.A. 74-2426(a).

Thus, absent an appeal under subsection K.S.A. 74-2426(c)(4)(B), the plain language under subsection K.S.A. 74-2426(a) clearly mandates BOTA to issue a full and complete opinion within 90 days of being requested. The Taxpayers here requested a full and complete opinion be issued by BOTA under subsection K.S.A. 74-2426(a). Also, K.S.A. 74-2426 does not give BOTA any privilege or discretionary authority on whether to issue a full and complete opinion. The statutory language of K.S.A. 74-2426 does not allow an aggrieved party who has requested a full and complete opinion under K.S.A. 74-2426(a) to later withdraw such request. So, BOTA was required to provide a full and complete opinion unless an appeal was made under subsection K.S.A. 74-2426(c)(4)(B).

The plain language of K.S.A. 74-2426 reveals that the Legislature itself has made a policy choice in favor of requiring BOTA to issue a full and complete opinion within 90 days of being requested by any aggrieved party unless an appeal under subsection K.S.A. 74-2426(c)(4)(B) has been brought. And because no appeal was made under subsection K.S.A. 74-2426(c)(4)(B), BOTA was required to issue a full and complete opinion within 90 days of being requested. For these reasons, I am persuaded that the plain language of K.S.A. 74-2426 requires reversal of BOTA's decision.

18